1   DAVID R. ONGARO, State Bar No. 154698
    DAVID R. BURTT, State Bar No. 201220
2   JONMI N. KOO, State Bar No. 233136
    PERKINS COIE LLP
3   Four Embarcadero Center, Suite 2400
    San Francisco, CA  94111-4131
4   Telephone:  (415) 344-7000
    Facsimile:  (415) 344-7050
5
    Attorneys for Defendant
6   STARBUCKS CORPORATION

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11            C 07       03549        PVT

12  EMILEE CASS,                          Case No.

13              Plaintiff,
                                          **NOTICE OF REMOVAL OF ACTION
14      v.                                UNDER 28 U.S.C. § 1441(b)**

15
    STARBUCKS CORPORATION, a Washington
16  corporation, and DOES 1 to 50, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL
Case No.

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that Defendant Starbucks Corporation (hereafter "Starbucks"),

3   by and through its undersigned counsel, hereby removes this action to the United States District

4   Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting

5   original federal jurisdiction under 28 U.S.C. § 1332(a).  Removal is proper for the following

6   reasons.

7                    **BACKGROUND**

8       1.     On or about May 17, 2007, plaintiff Emilee Cass ("Plaintiff") commenced an

9   action in the Superior Court of the State of California, County of Santa Cruz, entitled *Emilee*

10   *Cass v. Starbucks Corporation, a Washington corporation and DOES 1 to 50*, Case No.

11   CV157104 ("Complaint").  A copy of the Summons and Complaint are attached as Exhibit A.

12               **TIMELINESS OF REMOVAL**

13       2.     Plaintiff served Starbucks with the Summons and Complaint on June 8, 2007.

14       3.     On July 9, 2007, Starbucks filed its Answer in state court.  The Answer is attached

15   as Exhibit B.

16       4.     Removal is timely because Starbucks filed it within thirty (30) days of its first

17   receipt of a copy of the Summons and Complaint in this matter.  28 U.S.C. § 1446(b).

18               **DIVERSITY JURISDICTION**

19       5.     The Court has original jurisdiction of this action under 28 U.S.C. § 1332

20   (diversity jurisdiction).  As set forth below, this action is removable, pursuant to the provisions of

21   28 U.S.C. § 1441(a), as (1) Plaintiff is a citizen of a State different from that of Starbucks, the

22   only named defendant in this action, and (2) it is more likely than not that the matter in

23   controversy for the individual claims exceeds the sum or value of $75,000.

24              **Diverse Citizenship of the Parties**

25       6.     *Plaintiff's Citizenship.*  Starbucks is informed and believes and on that basis

26   alleges that Plaintiff, at the time she commenced her action, was and still is a citizen of the State

27   of California.

28

NOTICE OF REMOVAL
Case No.

1        7.    *Defendant's Citizenship.*  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be

2  deemed to be a citizen of any State by which it has been incorporated and of the State where it

3  has its principal place of business."  Starbucks, at the time Plaintiff commenced this action, was,

4  and still is, a corporation incorporated under the laws of Washington, with its principal place of

5  business located in Seattle, Washington, and thus was and is a citizen of Washington.

6        8.    *Doe Defendants.*  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and

7  unknown defendants should be disregarded for purposes of establishing removal jurisdiction

8  under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980)

9  (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe

10  defendants one through fifty, inclusive, does not deprive this Court of jurisdiction.

**Amount in Controversy**

9.    This Court has original jurisdiction over this class action because, as set forth

below, the alleged amount in controversy for the individual named plaintiff more likely than not

exceeds $75,000.  28 U.S.C. § 1332.

10.    Plaintiff's requested relief includes punitive and exemplary damages pursuant to

California Civil Code § 3294 and Government Code § 12940 for each of her four claims.  *See*

Complaint at ¶¶ 25, 30, 37, and 44.  Plaintiff also requests damages for emotional distress and

anguish.  *Id.* at ¶¶ 23, 29, 36, and 43.  In addition, Plaintiff requests an award of attorneys' fees

pursuant to Government Code § 12965(b) for each claim.  *Id.* at ¶¶ 25, 31, 38 and 45.  Plaintiff

further alleges that she has suffered compensatory damages for lost wages and employee benefits,

including retirement benefits.  *Id.* at ¶ 12.  These extensive damages sought by Plaintiff exceed

the minimum jurisdictional amount of $75,000.

11.    Because diversity of citizenship exists, Plaintiff being a citizen of the State of

California and Starbucks being a citizen of the State of Washington, and because the amount in

controversy for Plaintiff more likely than not exceeds seventy-five thousand dollars ($75,000),

pursuant to 28 U.S.C. §§ 1332(a), this Court has original jurisdiction of the action.  This action is

therefore a proper one for removal to this Court.

NOTICE OF REMOVAL
Case No.

**INTRADISTRICT ASSIGNMENT**

12.     Pursuant to 28 U.S.C. §§ 1441 and 1446(a), assignment to the United States District Court for the Northern District of California (San Jose Division) is proper because Plaintiff filed the action being removed in the Superior Court of California, County of Santa Cruz.

**NOTICE OF REMOVAL**

13.     Pursuant to 28 U.S.C. § 1446(d), Starbucks will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Starbucks will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

WHEREFORE, Starbucks requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Santa Cruz County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED:  July 9, 2007                    PERKINS COIE LLP

                                        By: _____
                                            David R. Burtt

                                        Attorneys for Defendant
                                        STARBUCKS CORPORATION

18177-0185/LEGAL13370990.1

NOTICE OF REMOVAL
Case No.

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STARBUCKS CORPORATION, a Washington Corporation, and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EMILEE CASS



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED

MAY 15 2007

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY. SANTA CRUZ COUNTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ<br>701 Ocean Street<br>Santa Cruz, CA 95060 | CASE NUMBER:<br>*(Número del Caso):* CV 157104 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gerald A. Emanuel/Amy Carlson (Bar # SBN 61049/213294)     Phone No. (408) 246-5500
HINKLE, JACHIMOWICZ, POINTER & EMANUEL                    Fax No. (408) 246-1051
2007 West Hedding Street, Suite 100, San Jose, CA 95128     ALEX CALVO

DATE:  MAY 15 2007                  Clerk, by _____ MICHELLE IRIS , Deputy
*(Fecha)*                          *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Starbucks Corporation, A Washington Corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):* 6-8-07
4. ☑ by personal delivery on *(date):* 6-8-07

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

1  Gerald A. Emanuel (SBN 61049)
   Amy Carlson (SBN 213294)
2  HINKLE, JACHIMOWICZ, POINTER & EMANUEL
   2007 West Hedding Street, Suite 100
   San Jose, California 95128
3  Telephone: (408) 246-5500
   Facsimile: (408) 246-1051
4

**F I L E D**

MAY 15 2007

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY, SANTA CRUZ COUNTY

5  Attorneys for Plaintiff
   EMILEE CASS
6

7

8              SUPERIOR COURT OF CALIFORNIA

9                    SANTA CRUZ COUNTY

10 EMILEE CASS,
            Plaintiff,                No. CV157104
11    vs.
                                      COMPLAINT FOR DAMAGES
12 STARBUCKS CORPORATION, a           ARISING FROM:
   Washington Corporation, and DOES 1- 1. PREGNANCY DISCRIMINATION;
13 50,                                2. GENDER DISCRIMINATION;
            Defendants.               DEMAND FOR JURY TRIAL
14                                    3. DISABILITY DISCRIMINATION
                                      4. FAILURE TO ENGAGE THE
15                                    INTERACTIVE PROCESS

16

17

18       COMES  NOW  Plaintiff  EMILEE  CASS  and  complains  against

19 Defendants, and each of them, and for causes of action alleges:

20 ///

21 ///

22

                              1

                   COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS
## ALLEGING JURISDICTION AND VENUE

1.      Plaintiff is informed and believes and thereupon alleges that at all pertinent times mentioned in this complaint, Defendant STARBUCKS CORPORATION (herein after referred to as "STARBUCKS") is a Washington corporation, qualified to do business in the State of California and doing business in the County of Santa Cruz, State of California.

2.      At all pertinent times mentioned in this complaint the Plaintiff was employed by Defendant STARBUCKS in, State of California, and the violations alleged herein occurred in Santa Cruz County, State of California.

3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, Inclusive.  Plaintiff will seek leave to amend her complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and herein alleges that each of the Doe Defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

4.      At all times mentioned, unless otherwise stated, each Defendant was the agent and/or employee of each and every co-Defendant, and in performing the things, acts, or omissions, hereinafter more fully alleged, was acting within the scope and authority of said agency and/or employment.

5.      Each of the Defendants authorized, ratified and/or condoned the actions and omissions of each and every other Defendant.

2

COMPLAINT FOR DAMAGES

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.      Defendant STARBUCKS hired Plaintiff on June 19, 2006 as an assistant manager.

7.      Plaintiff was told she would receive training to be an assistant manager.

8.      At the time of hire, Plaintiff informed several of her interviewers that she was pregnant.

9.      Plaintiff began her employment at the Sunnyvale-Saratoga store, where her supervisor regarded Plaintiff's job performance as acceptable.

10.     Plaintiff was then transferred to a Scotts Valley store, located at 219 Mt. Herman Road, Scotts Valley, California, 95066.

11.     As Plaintiff's pregnancy progressed, it became difficult for Plaintiff to move as quickly as her non-pregnant coworkers.

12.     Plaintiff's Store Manager, Kathy Vucinich, refused to train Plaintiff properly as an assistant store manager. When a non-pregnant trainee was hired, Ms. Vucinich took the time to adequately provide hands on training for that new employee.

13.     Despite Ms. Vucinich's refusal to properly train Plaintiff and Ms. Vucinich's approval of other supervisors completing Plaintiff's assistant manager tasks, Ms. Vucinich blamed Plaintiff for mistakes when the duties were not completed in a matter satisfactory to Ms. Vucinich's standards.

3

14.    On October 19, 2006, Ms. Vucinich gave Plaintiff a Performance

Action Plan, which required improvement within ninety (90) days.

15.    However, because Plaintiff was scheduled to give birth within the

ninety (90) day time frame, it would not be possible for Plaintiff to fulfill the

requirements.

16.    Moreover, one of the task failures, allegedly attributable to Plaintiff,

occurred while Plaintiff was not in the store and while Plaintiff was not

scheduled to work.

17.    Plaintiff then obtained a doctor's note requesting an

accommodation of tolerance from Plaintiff's supervisors, as Plaintiff had

undergone a physical change due to her pregnancy at 36 weeks and was not as

nimble as someone who was not pregnant.

18.    Defendant STARBUCKS refused this request and on October 28,

2006, Plaintiff was terminated for the stated reason that she was not

performing her job duties quickly enough.

19.    Plaintiff received a "Right to Sue" letter on March 27, 2007.

Therefore, Plaintiff has exhausted her administrative remedies.

## FIRST CAUSE OF ACTION

## PREGNANCY DISCRIMINATION

### (Violation of Government Code § 12940, ET seq.)

4

1      As a first, separate and distinct cause of action, Plaintiff complains

2   against Defendants and each of them and DOES 1 through 50, and each of

3   them, and for a cause of action alleges:

4      20.    Plaintiff hereby incorporates by reference Paragraphs 1 through 19

5   of the Complaint as if fully set forth herein:

6      21.    California Government Code §12940, et seq. provides that it shall

7   be an unlawful employment practice "for an employer, because of the physical

8   disability...medical condition...sex of any person...to discharge the person from

9   employment. California Government Code §12926(p) further states that, "sex

10  includes but is not limited to, pregnancy, childbirth, or medical conditions

11  related to pregnancy or childbirth." Defendants, and each of them,

12  discriminated against Plaintiff because Plaintiff was pregnant by committing

13  the things, acts, and omissions herein alleged.

14     22.    Similarly situated non-pregnant employees were not treated in the

15  disparate manner in which Plaintiff was treated. In discriminating against

16  Plaintiff on account of sex, these defendants, and each of them, have violated

17  Government Code § 12940(a).

18     23.    As a direct and proximate result of the conduct of these

19  Defendants, and each of them, Plaintiff has suffered emotional anguish and

20  distress, loss of income and benefits, and other special and general damages,

21  all in an amount to be proven at trial.

22

5

COMPLAINT FOR DAMAGES

24.    In doing the things herein alleged, the conduct of these Defendants, and each of them was despicable and these Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights. Each of the defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code § 3294 and Government Code § 12940.

25.    Pursuant to Government Code §12965(b), Plaintiff requests the award of attorney's fees against these Defendants, and each of them.

WHEREFORE, Plaintiff requests relief as hereinafter provided..

## SECOND CAUSE OF ACTION

### GENDER DISCRIMINATION

#### (Violation of Government Code §12940)

As a second, separate and distinct cause of action, Plaintiff complains against Defendants and each of them and DOES 1 through 50, and each of them, and for a cause of action alleges:

26.    Plaintiff hereby incorporates by reference Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.    Government Code §12940 prohibits an employer from discriminating against any employee because of that employee's sex. California

6

1    Government Code § 12926(p) defines sex as "includes but is not limited to, a

2    person's gender, as defined in Section 422.56 of the Penal Code." Defendants,

3    and each of them, discriminated against Plaintiff because of Plaintiff's sex by

4    performing the things, acts, and omissions herein alleged.

5        28.    Similarly situated male employees were not treated in the disparate

6    manner in which Plaintiff was treated. In discriminating against Plaintiff on

7    account of sex, these defendants, and each of them, have violated Government

8    Code § 12940(a).

9        29.    As a direct and proximate result of the conduct of these

10   Defendants, and each of them, Plaintiff has suffered emotional anguish and

11   distress, loss of income and benefits, and other special and general damages,

12   all in an amount to be proven at trial.

13       30.    In doing the things herein alleged, the conduct of these

14   Defendants, and each of them was despicable and these Defendants, and each

15   of them, acted towards Plaintiff with malice, oppression, fraud, and with a

16   willful and conscious disregard of Plaintiff's rights. Each of the defendants

17   ratified, authorized and condoned the conduct and omissions of each and every

18   other Defendant and managing agent, entitling Plaintiff to an award of punitive

19   and exemplary damages pursuant to California Civil Code § 3294 and

20   Government Code § 12940.

21

22

7

1    31.    Pursuant to Government Code §12965(b), Plaintiff requests an

2    award of attorney's fees against these Defendants, and each of them.

3    WHEREFORE, Plaintiff requests relief as hereinafter provided.

4    **THIRD CAUSE OF ACTION**

5    **[DISABILITY DISCRIMINATION]**

6    **(Violation of Government Code §12940)**

7    As a third, separate and distinct cause of action, Plaintiff complains against

8    Defendants and each of them and DOES 1 through 50, and each of them, and

9    for a cause of action alleges:

10    32.    Plaintiff hereby incorporates by reference Paragraphs 1 through

11    31 of the Complaint as if fully set forth herein.

12    33.    According to California Government Code §12940, it shall be an

13    unlawful employment practice "for an employer, because of the physical

14    disability...medical condition...to discharge the person from employment."

15    California Code of Regulations §7291.5 states, "it is unlawful for any employer,

16    because of pregnancy of an employee...to refuse to accommodate the employee

17    who is temporarily disabled by pregnancy to the same extent that other

18    temporarily disabled employees are accommodated under the employer's

19    policy."

20

21

22

8

COMPLAINT FOR DAMAGES

1    34.    Defendants, and each of them, discriminated against Plaintiff

2  because of Plaintiff's temporary disability by performing the things, acts, and

3  omissions herein alleged.

4    35.    Similarly situated temporarily disabled employees were not treated

5  in the disparate manner in which Plaintiff was treated.  In discriminating

6  against Plaintiff on account of disability, these defendants, and each of them,

7  have violated Government Code § 12940(a).

8    36.    As a direct and proximate result of the conduct of these

9  Defendants, and each of them, Plaintiff has suffered emotional anguish and

10  distress, loss of income and benefits, and other special and general damages,

11  all in an amount to be proven at trial.

12    37.    In doing the things herein alleged, the conduct of these

13  Defendants, and each of them was despicable and these Defendants, and each

14  of them, acted towards Plaintiff with malice, oppression, fraud, and with a

15  willful and conscious disregard of Plaintiff's rights.  Each of the defendants

16  ratified, authorized and condoned the conduct and omissions of each and every

17  other Defendant and managing agent, entitling Plaintiff to an award of punitive

18  and exemplary damages pursuant to California Civil Code § 3294 and

19  Government Code § 12940.

20    38.    Pursuant to Government Code §12965(b), Plaintiff requests an

21  award of attorney's fees against these Defendants, and each of them.

22

COMPLAINT FOR DAMAGES

1   WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### [FAILURE TO ENGAGE THE INTERACTIVE PROCESS TO DETERMINE EFFECTIVE REASONABLE ACCOMODATIONS]

5   As a fourth, separate and distinct cause of action, Plaintiff complains

6   against all Defendants and DOES 1-50, Inclusive, and each of them and for a

7   cause of action alleges:

8   39.    Plaintiff hereby incorporates by reference Paragraphs 1 through 26

9   of the Complaint as if fully set forth herein.

10   40.    California Government Code §12940(n) states that it shall be an

11   unlawful employment practice "for an employer...to fail to engage in timely,

12   good faith, interactive process with the employee or applicant to determine

13   effective reasonable accommodations, if any, in response to a request for

14   reasonable accommodation by an employee or applicant with a known medical

15   condition." Defendants, and each of them, failed to engage in a timely, good

16   faith, interactive process with Plaintiff when in response to Plaintiff's request

17   for a reasonable accommodation, Defendant refused to determine effective

18   reasonable accommodations even though Plaintiff's disability and medical

19   condition were known to Defendant. Defendants, and each of them,

20   discriminated against Plaintiff by committing the things, acts, and

21   commissions herein alleged.

22

1    41.    In failing to engage in timely, good faith interactive process with
2    Plaintiff, Defendants and each of them have violated Government Code §
3    12940(n).

4    42.    Plaintiff is informed and believes and thereupon alleges that the
5    fictitious Defendants named as DOES 1 through 50, Inclusive, aided, abetted,
6    incited, compelled, coerced or conspired to commit one or more of the acts
7    alleged herein.

8    43.    As a direct and proximate result of the conduct of these
9    Defendants and each of them, Plaintiff has suffered emotional anguish and
10    distress, loss of income and benefits and other special and general damages all
11    in an amount to be proven at trial.

12    44.    In doing the things herein alleged, the conduct of Defendants, and
13    each of them, is despicable and Defendants, and each of them, acted towards
14    Plaintiff with malice, oppression, fraud, and with a willful and conscious
15    disregard of Plaintiff's rights.  Each of the Defendants ratified, authorized and
16    condoned the conduct of each and every other Defendant and managing agent,
17    entitling Plaintiff to an award of punitive and exemplary damages pursuant to
18    California Civil Code § 3294 and Government Code § 12940.

19    45.    Pursuant to Government Code §12965(b), Plaintiff requests the
20    award of attorney's fees against Defendants, and each of them.

21

22

11

COMPLAINT FOR DAMAGES

**PRAYER**

1  

2  WHEREFORE, Plaintiff prays for judgment against Defendants, and each

3  of them, as follows:

4  1.  For a money judgment representing compensatory damages

5  including lost wages, earnings, retirement benefits and other employee benefits,

6  and all other sums of money, together with interest on these amounts

7  according to proof;

8  2.  For a money judgment for mental pain and anguish and emotional

9  distress, according to proof;

10  3.  For an award of exemplary and punitive damages, according to
proof;

11  4.  For costs of suit and attorney's fees;

12  5.  For pre-judgment and post-judgment interest; and

13  6.  For such other and further relief as the court deems just and

14  proper.

15  **DEMAND FOR JURY TRIAL**

16  Plaintiff hereby demands a jury trial on all of the issues.

17  

18  Dated: 5/11, 2007        HINKLE, JACHIMOWICZ, POINTER & EMANUEL

19  

20        AMY CARLSON
        Attorney for Plaintiff
21        EMILEE CASS

22  

12

COMPLAINT FOR DAMAGES



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
701 Ocean Street
Santa Cruz, CA, 95060

*For Court Use Only*

PLAINTIFF:    EMILEE CASS

DEFENDANT: STARBUCKS CORPORATION

CASE MANAGEMENT INFORMATION AND SETTING

F I L E D

MAY 1 5 2007

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY, SANTA CRUZ COUNTY

CASE NO:
CISCV157104

This case is in Santa Cruz County's Case Management Program. It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

<u>ATTENTION DEFENDANT:</u>  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT. THE DATE BELOW <u>DOES NOT EXTEND</u> THE TIME TO FILE A RESPONSE.  SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.



The first Case Management Conference hearing date is:

Date: 09/12/07                  Time:  8:29            Department No.:   9

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangements to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

CMC

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1.  To at all times comply with the California Rules of Professional Conduct;
2.  To honor all commitments;
3.  To be candid in all dealings with the court and counsel;
4.  To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5.  To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6.  To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7.  To be on time;
8.  To be prepared for all court appearances - to be familiar with all applicable court rules;
9.  To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professionalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

CMC

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE  ☐ LIMITED CASE
           *(Amount demanded*      *(Amount demanded is $25,000*
           *exceeds $25,000)*        *or less)* | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:              Time:              Dept.:        Div.:        Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.  Type of case in ☐  complaint    ☐  cross-complaint    *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rule 212

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  ·  The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
 a. ☐ The party or parties have completed all discovery.
 b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

 c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
 a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
 b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
 ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
 a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

 b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
 Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)
                                      ☐ Additional signatures are attached

American LegalNet, Inc.
www.USCourtForms.com

# ADR INFORMATION PACKAGE

Included in this package:

- Cover Page

- Alternative Dispute Resolution Program Notice

- Local Form SUPCV 1012
  (Stipulation and Order to Attend Judicial Mediation or Private Arbitration)

## ATTENTION PLAINTIFFS/CROSS-COMPLAINANTS

### PLAINTIFFS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON EACH DEFENDANT ALONG WITH THE COMPLAINT. CROSS-COMPLAINANTS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES TO THE ACTION ALONG WITH THE CROSS-COMPLAINT (CRC 3.221)

# ALTERNATIVE DISPUTE RESOLUTION PROGRAM NOTICE
## SANTA CRUZ SUPERIOR COURT
### LOCAL RULE 7.1.02(a)

TO:     ALL CIVIL LITIGANTS

RE:     JUDICIAL MEDIATION PROGRAM OF SANTA CRUZ OR OPTION FOR
        PRIVATE ARBITRATION

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz County's ADR process is Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Appropriate cases will be assigned to Judicial Mediation from the Case Management Conference Calendar. The parties may stipulate to Mediation prior to the Case Management Conference by written stipulation on local form, SUPCV 1012. Case Management Conference Statements and requests for continuances should be submitted at least ten days in advance of the hearing.

FOR MORE INFORMATION REGARDING SANTA CRUZ COUNTY'S MEDIATION PROGRAM, SEE LOCAL RULE 7.1 OR CONTACT THE CIVIL CALENDAR DEPARTMENT (SANTA CRUZ) AT (831) 454-2303 OR THE WATSONVILLE BRANCH AT (831) 763-8069.

You may also stipulate to use a private arbitration or mediation service with the same local form 1012. This local form is required to ensure that the case is tracked properly by Court staff.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*: | TELEPHONE NO.: | *For Court Use Only* |
|---|---|---|
| ATTORNEY FOR: *(NAME)*: | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

☐ Santa Cruz       ☐ Watsonville Branch
   701 Ocean Street, Room 110     1430 Freedom Boulevard
   Santa Cruz, CA. 95060         Watsonville, CA. 95076

Plaintiff/Petitioner:

Defendant/Respondent:

| STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION<br>Must be filed 10 days before Case Management Conference | CASE NO.: |
|---|---|

FOR GOOD CAUSE as stated in the attached supporting declaration,
CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR: (DATE) _____
CHECK ONLY ONE BOX:

1. ( ) The parties stipulate to court ordered mediation.

2. ( ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120
days of the current CMC date stated above. The parties agree that such process shall be a good faith attempt
to resolve the case.

**SIGNATURES OF COUNSEL:**

TYPE NAME: _____

DATE: _____    ATTORNEY FOR: _____

TYPE NAME: _____

DATE: _____    ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION,
AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED

☐ SET FOR JUDICIAL MEDIATION ON: _____  AT: _____ a.m./p.m.

☐ VACATE CMC CURRENTLY SET FOR: _____  AT: _____ a.m./p.m.

Date: _____    _____
                          JUDGE OF THE SUPERIOR COURT

SUPCV-1012 (Rev. 1/07)

Page 3 of 3
Local Rule 7.1.02

STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION

**EXHIBIT B**

1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA  94111-4131
4  Telephone:  (415) 344-7000
   Facsimile:  (415) 344-7050
5
   Attorneys for Defendant
6  STARBUCKS CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CRUZ

10

11  EMILEE CASS,                          Case No. CV 157104

12              Plaintiff,               **DEFENDANT STARBUCKS**
                                         **CORPORATION'S ANSWER TO**
13       v.                              **COMPLAINT**

14  STARBUCKS CORPORATION, a Washington
    Corporation, and DOES 1 through 50.
15
                Defendants.
16

17       Defendant Starbucks Corporation ("Starbucks") hereby answers the unverified complaint

18  ("Complaint") of Plaintiff Emilee Cass ("Plaintiff") as follows:

19       Pursuant to section 431.30 of the California Code of Civil Procedure, Starbucks generally

20  denies each and every allegation contained in the Complaint, and the whole thereof, and further

21  denies that Plaintiff was damaged in the manner or sum alleged, or in any other manner or sum

22  whatsoever.

23

24

25

26

27

28

1  **AFFIRMATIVE DEFENSES**

2  By way of affirmative defense to the allegations of the Complaint on file herein,

3  Starbucks alleges as follows:

4  **FIRST AFFIRMATIVE DEFENSE**

5  *(Failure to State a Cause of Action)*

6  1.    The Complaint, and each cause of action contained therein, fails to state a cause

7  of action upon which relief can be granted.

8  **SECOND AFFIRMATIVE DEFENSE**

9  *(Waiver, Estoppel, Laches, and/or Unclean Hands)*

10  2.    Starbucks alleges that one or more of Plaintiff's causes of action are barred by the

11  equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

12  **THIRD AFFIRMATIVE DEFENSE**

13  *(Failure to Exhaust Administrative Remedies)*

14  3.    Plaintiff's causes of action are barred because Plaintiff has failed to exhaust

15  administrative remedies which is a prerequisite to the maintenance of one or more of the causes

16  of action asserted in the Complaint.

17  **FOURTH AFFIRMATIVE DEFENSE**

18  *(At-Will Employment)*

19  4.    One or more of Plaintiff's claims are barred because Plaintiff's employment was

20  terminable at the will of either Plaintiff or Starbucks under California Labor Code § 2922.

21  **FIFTH AFFIRMATIVE DEFENSE**

22  *(Failure to Adequately Fulfill Employment Responsibilities)*

23  5.    Starbucks alleges that Plaintiff failed to adequately fulfill her responsibilities as

24  an employee pursuant to California Labor Code §§ 2850 through 2866.

25

26

27

28

- 2 -

1                                 **SIXTH AFFIRMATIVE DEFENSE**

2                   *(Legitimate and Non-Discriminatory Reasons for Conduct)*

3         6.      Starbucks alleges that all actions with regard to Plaintiff were taken for legitimate

4 and non-discriminatory business reasons, were based on reasonable factors other than Plaintiff's

5 pregnancy/sex/disability or perceived disability, and were a just and proper exercise of

6 management discretion undertaken for a fair and honest reason, not prohibited by statute.

7                            **SEVENTH AFFIRMATIVE DEFENSE**

8                       *(Conduct Applicable to All Persons)*

9         7.      Plaintiff's claims are barred because, to the extent Starbucks engaged in any of

10 the conduct alleged in the Complaint, such conduct was applicable alike to all persons.

11                             **EIGHTH AFFIRMATIVE DEFENSE**

12           *(Inability to Perform Essential Job Duties, Health and Safety Risk)*

13         8.      Starbucks alleges that its conduct was lawful because, even with reasonable

14 accommodations, Plaintiff was unable to perform an essential job duty without endangering her

15 health or safety or the health or safety of others.

16                              **NINTH AFFIRMATIVE DEFENSE**

17                   *(Bona Fide Occupational Qualification)*

18         9.      Starbucks alleges that its conduct was lawful because Plaintiff, or individuals like

19 Plaintiff, cannot safely and efficiently perform the job in question and the essence of the business

20 operations would otherwise be undermined.

21                              **TENTH AFFIRMATIVE DEFENSE**

22                           *(Undue Hardship)*

23       10.      Starbucks alleges that its conduct was lawful because Plaintiff's proposed

24 accommodations, if any, would create an undue hardship to the operation of its business.

25                         **ELEVENTH AFFIRMATIVE DEFENSE**

26                   *(Requested Accommodation Unreasonable)*

27       11.      Starbucks alleges that Plaintiff's requested accommodation was unreasonable.

28

STARBUCKS CORPORATION'S ANSWER TO COMPLAINT
Case No. CV 157104

**TWELFTH AFFIRMATIVE DEFENSE**

*(Fair Employment Procedures)*

12.    Starbucks alleges that Plaintiff's causes of action are barred, and any recovery of damages precluded, because Starbucks exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior in that it had an equal employment opportunity policy and anti-discrimination policy which were communicated to all employees and strictly enforced.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*(Acts Outside Scope of Employment)*

13.    Starbucks alleges that if its employees, or any of them, committed the acts alleged in the Complaint, although such is not admitted hereby, such acts were committed outside the scope of employment and not by agents of Starbucks, and thus Starbucks is not liable for such acts.

**FOURTEENTH AFFIRMATIVE DEFENSE**

*(Acts Outside Defendant's Control)*

14.    Starbucks alleges that any loss, injury, or damage purportedly incurred by Plaintiff was proximately caused by acts or omissions of persons who Starbucks neither controlled nor had the right to control, and was not proximately caused by any act, omission, or other conduct of Starbucks.

**FIFTEENTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate)*

15.    Starbucks alleges that Plaintiff has failed to protect herself from avoidable consequences and otherwise mitigate her damages. Plaintiff could have avoided some or all of the alleged harm with reasonable effort. For instance, Plaintiff unreasonably failed to use Starbucks discrimination complaint procedures that Starbucks provided and reasonable use of such procedures would have prevented some or all of the harm. As such, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages constituting the avoidable consequences of Plaintiff's failure to utilize Starbucks internal policy against unlawful

- 4 -

1    discrimination.  Moreover, if Starbucks did wrongfully terminate Plaintiff, although such is not

2    admitted hereby or herein, Plaintiff had a duty to mitigate damages by promptly seeking

3    employment elsewhere.  By the exercise of reasonable effort, Plaintiff could have obtained

4    employment elsewhere of substantially similar character promptly following Starbucks alleged

5    discriminatory termination, but Plaintiff failed and refused to exercise such effort and refused to

6    accept such employment elsewhere.  Finally, if Starbucks did subject Plaintiff to any wrongful or

7    unlawful conduct resulting in mental, physical, or emotional harm, although such is not admitted

8    hereby, Plaintiff had a duty to exercise reasonable effort to mitigate any damages plaintiff may

9    have suffered by seeking medical and psychological treatment and plaintiff has failed to do so.

10   Accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by

11   the amount of damages that would otherwise have been mitigated.

12                          **SIXTEENTH AFFIRMATIVE DEFENSE**

13                               *(Lack of Bad Faith/Malice)*

14          16.    Starbucks alleges that any award of punitive damages would be improper because

15   it made good faith efforts to comply with the law.  At all times and places mentioned in the

16   Complaint, Starbucks acted without malice and with a good faith belief in the propriety of its

17   conduct.  To the extent Starbucks took any of the actions alleged in the Complaint, and to the

18   extent that such actions are attributable to Starbucks, those actions were the true and privileged

19   acts taken in good faith for lawful business reasons and were not arbitrary or capricious.

20                         **SEVENTEENTH AFFIRMATIVE DEFENSE**

21                              *(Punitive Damages Improper)*

22          17.    Starbucks alleges that any award of punitive damages would violate the due

23   process and excessive fines clauses of the Fifth, Eighth, and Fourteenth Amendments, the

24   Commerce Clause of the United States Constitution, and the Constitution of the State of

25   California.

26

27

28

STARBUCKS CORPORATION'S ANSWER TO COMPLAINT
Case No. CV 157104

1                     **EIGHTEENTH AFFIRMATIVE DEFENSE**

2                              *(Attorneys' Fees)*

3      18.    The Complaint, and each purported cause of action alleged therein, fails to state a

4 cause or causes of action entitling Plaintiff to attorneys' fees on any basis.

5                     **NINETEENTH AFFIRMATIVE DEFENSE**

6                           *(Offset Damages)*

7      19.    Starbucks alleges that Plaintiff's damages, if any, should be offset by any

8 subsequent earnings or benefits obtained by Plaintiff since her termination.

9                     **TWENTIETH AFFIRMATIVE DEFENSE**

10                      *(After-Acquired Evidence)*

11      20.    Starbucks alleges that the Complaint, and each purported cause of action alleged

12 therein, is barred in whole or in part by the doctrine of after-acquired evidence, or alternatively,

13 the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

14                 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

15                      *(CWCA Preemption)*

16      21.    Starbucks alleges that to the extent Plaintiff claims she suffered stress-related

17 damages due to Starbucks conduct, the court lacks jurisdiction of such matters as they are barred

18 by the exclusive remedy provisions of the California Workers' Compensation Act.

19      Starbucks reserves the right to assert other affirmative defenses as may be warranted as

20 discovery in this action proceeds.

21

22

23

24

25

26

27

28

STARBUCKS CORPORATION'S ANSWER TO COMPLAINT
Case No. CV 157104

1    WHEREFORE, Starbucks prays for relief as follows:

2         a.    Plaintiff takes nothing by her Complaint;

3         b.    That judgment be entered in favor of Starbucks;

4         c.    That Starbucks recover its costs and expenses incurred herein, including

5    reasonable attorneys' fees; and

6         d.    For such other and further relief as the Court deems just and equitable.

7

8    DATED: July 9, 2007                    PERKINS COIE LLP

9

10                                          By: _____
                                                David R. Burtt
11
                                            Attorneys for Defendant
12    18177-0185/LEGAL13370166.1            STARBUCKS CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

STARBUCKS CORPORATION'S ANSWER TO COMPLAINT
Case No. CV 157104

1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA 94111-4131
4  Telephone: 415.344.7000
   Facsimile: 415.344.7050
5
6  Attorneys for Defendant
   STARBUCKS CORPORATION
7
8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                      **COUNTY OF SANTA CRUZ**
11
12
13  EMILEE CASS,                          Case No. CV 157104
14              Plaintiff,                **PROOF OF SERVICE**
15       v.
16  STARBUCKS CORPORATION, a Washington
    Corporation, and DOES 1 through 50.
17
18              Defendants.
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE
CASE NO. RG07310166
18177-0185/LEGAL13380538.1

**PROOF OF SERVICE**

I, Michele Covington, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. On July 9, 2007, I served a copy of the within document(s):

**DEFENDANT STARBUCKS CORPORATION'S ANSWER TO COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, the U.S. mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Gerald A. Emanuel                    *Attorneys for the Plaintiff*
Amy Carlson
Hinkle, Jachimowicz, Pointer & Emanuel
2007 West Hedding Street, Suite 100
San Jose, California 95128

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 9, 2007, at San Francisco, California.

_Michele Covington_
Michele Covington

PROOF OF SERVICE
CASE NO. RG07310166
18177-0185/LEGAL13380538.1