**EXHIBIT A**

1   DAVID R. ONGARO, State Bar No. 154698
    DAVID R. BURTT, State Bar No. 201220
2   JONMI N. KOO, State Bar No. 233136
    PERKINS COIE LLP
3   Four Embarcadero Center, Suite 2400
    San Francisco, CA  94111-4131
4   Telephone:  (415) 344-7000
    Facsimile:  (415) 344-7050
5
6   Attorneys for Defendant
    STARBUCKS CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SANTA CRUZ

10

11  EMILEE CASS,                              No. CV157104

12              Plaintiff,                    **NOTICE TO ADVERSE PARTY OF**
                                              **REMOVAL TO FEDERAL COURT**
13
         v.
14
    STARBUCKS CORPORATION, a Washington
15  corporation; and DOES 1 to 50,

16              Defendant.

17

18  TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND

19  FOR THE COUNTY OF SANTA CRUZ AND TO PLAINTIFF AND HER ATTORNEY OF

20  RECORD:

21          PLEASE TAKE NOTICE that on July 9, 2007, Defendant Starbucks Corporation

22  ("Starbucks") filed a Notice of Removal of such action with the Clerk of the United States

23  District Court for the Northern District of California (San Jose Division).  Starbucks attaches

24  hereto as Exhibit 1 a copy of said Notice of Removal and all other papers filed with the Clerk of

25  the United States District Court for the Northern District of California.  Starbucks also attaches

26  hereto as Exhibit 2 all papers presented by the Clerk of the United States District Court upon the

27  filing of the Notice of Removal.

28

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of

2  the Notice of Removal in the United States District Court, together with the filing of this Notice

3  with this Court, effects the removal of this action and, therefore, this Court may proceed no

4  further with this action unless and until the action is remanded.

5

6  DATED:  July 10, 2007                 **PERKINS COIE LLP**

7

8                              By:  _____

9                                   David R. Burtt

10                             Attorneys for Defendant
                               STARBUCKS CORPORATION

11  18177-0185/LEGAL13371154.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
Case No. CV157104

# EXHIBIT 1

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| EMILEE CASS | STARBUCKS CORPORATION, a Washington Corporation, and DOES 1 to 50, inclusive |

C07 03549 PVT

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Cruz, California<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gerald A. Emanuel, Hinkle, Jachimowicz, Pointer & Emanuel,<br>2007 West Hedding Street, Suite 100, San Jose, CA  95128 | ATTORNEYS (IF KNOWN)<br>David R. Ongaro, David R. Burtt<br>Perkins Coie LLP<br>Four Embarcadero Center<br>San Francisco, CA  94111 |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ Original Proceeding
- ☒ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/disab - Empl | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer w/disab - Other | ☐ 555 Prison Condition | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION
(CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)    28 U.S.C. sections 1332 and 1441(b); Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

| DATE<br>7/9/07 | SIGNATURE OF ATTORNEY OF RECORD<br> |
|---|---|

NDC-JS44

JS 44 Page 2
(Rev. 11/04)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

      (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

      (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.   (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.   (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2)   Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.   Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

ORIGINAL
FILED

07 JUL -9 PM 3:40

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA  94111-4131
4  Telephone:  (415) 344-7000
   Facsimile:  (415) 344-7050
5
   Attorneys for Defendant
6  STARBUCKS CORPORATION
7
8              UNITED STATES DISTRICT COURT
9           NORTHERN DISTRICT OF CALIFORNIA
10                 SAN JOSE DIVISION

              C07      03549      PVT

11
12  EMILEE CASS,                        Case No.
13              Plaintiff,              NOTICE OF REMOVAL OF ACTION
                                        UNDER 28 U.S.C. § 1441(b)
14        v.
15
16  STARBUCKS CORPORATION, a Washington
    corporation, and DOES 1 to 50, inclusive,
17
              Defendants.
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL
Case No.

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2          PLEASE TAKE NOTICE that Defendant Starbucks Corporation (hereafter "Starbucks"),

3  by and through its undersigned counsel, hereby removes this action to the United States District

4  Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting

5  original federal jurisdiction under 28 U.S.C. § 1332(a).  Removal is proper for the following

6  reasons.

7                              **BACKGROUND**

8          1.      On or about May 17, 2007, plaintiff Emilee Cass ("Plaintiff") commenced an

9  action in the Superior Court of the State of California, County of Santa Cruz, entitled *Emilee*

10  *Cass v. Starbucks Corporation, a Washington corporation and DOES 1 to 50*, Case No.

11  CV157104 ("Complaint").  A copy of the Summons and Complaint are attached as Exhibit A.

12                          **TIMELINESS OF REMOVAL**

13         2.      Plaintiff served Starbucks with the Summons and Complaint on June 8, 2007.

14         3.      On July 9, 2007, Starbucks filed its Answer in state court.  The Answer is attached

15  as Exhibit B.

16         4.      Removal is timely because Starbucks filed it within thirty (30) days of its first

17  receipt of a copy of the Summons and Complaint in this matter.  28 U.S.C. § 1446(b).

18                          **DIVERSITY JURISDICTION**

19         5.      The Court has original jurisdiction of this action under 28 U.S.C. § 1332

20  (diversity jurisdiction).  As set forth below, this action is removable, pursuant to the provisions of

21  28 U.S.C. § 1441(a), as (1) Plaintiff is a citizen of a State different from that of Starbucks, the

22  only named defendant in this action, and (2) it is more likely than not that the matter in

23  controversy for the individual claims exceeds the sum or value of $75,000.

24                      **Diverse Citizenship of the Parties**

25         6.      *Plaintiff's Citizenship*.  Starbucks is informed and believes and on that basis

26  alleges that Plaintiff, at the time she commenced her action, was and still is a citizen of the State

27  of California.

28

-2-

NOTICE OF REMOVAL
Case No.

7.  *Defendant's Citizenship*.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Starbucks, at the time Plaintiff commenced this action, was, and still is, a corporation incorporated under the laws of Washington, with its principal place of business located in Seattle, Washington, and thus was and is a citizen of Washington.

8.  *Doe Defendants*.  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through fifty, inclusive, does not deprive this Court of jurisdiction.

**Amount in Controversy**

9.  This Court has original jurisdiction over this class action because, as set forth below, the alleged amount in controversy for the individual named plaintiff more likely than not exceeds $75,000.  28 U.S.C. § 1332.

10.  Plaintiff's requested relief includes punitive and exemplary damages pursuant to California Civil Code § 3294 and Government Code § 12940 for each of her four claims.  *See* Complaint at ¶¶ 25, 30, 37, and 44.  Plaintiff also requests damages for emotional distress and anguish.  *Id.* at ¶¶ 23, 29, 36, and 43.  In addition, Plaintiff requests an award of attorneys' fees pursuant to Government Code § 12965(b) for each claim.  *Id.* at ¶¶ 25, 31, 38 and 45.  Plaintiff further alleges that she has suffered compensatory damages for lost wages and employee benefits, including retirement benefits.  *Id.* at ¶ 12.  These extensive damages sought by Plaintiff exceed the minimum jurisdictional amount of $75,000.

11.  Because diversity of citizenship exists, Plaintiff being a citizen of the State of California and Starbucks being a citizen of the State of Washington, and because the amount in controversy for Plaintiff more likely than not exceeds seventy-five thousand dollars ($75,000), pursuant to 28 U.S.C. §§ 1332(a), this Court has original jurisdiction of the action.  This action is therefore a proper one for removal to this Court.

- 3 -

**INTRADISTRICT ASSIGNMENT**

12.    Pursuant to 28 U.S.C. §§ 1441 and 1446(a), assignment to the United States District Court for the Northern District of California (San Jose Division) is proper because Plaintiff filed the action being removed in the Superior Court of California, County of Santa Cruz.

**NOTICE OF REMOVAL**

13.    Pursuant to 28 U.S.C. § 1446(d), Starbucks will promptly serve on Plaintiff and file with the Superior Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), Starbucks will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

WHEREFORE, Starbucks requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Santa Cruz County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED:  July 9, 2007

PERKINS COIE LLP

By: David R. Burtt

Attorneys for Defendant
STARBUCKS CORPORATION

18177-0185/LEGAL13370990.1

- 4 -

NOTICE OF REMOVAL
Case No.

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STARBUCKS CORPORATION, a Washington Corporation, and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EMILEE CASS



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED

MAY 15 2007

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY, SANTA CRUZ COUNTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ <br> 701 Ocean Street <br> Santa Cruz, CA 95060 | CASE NUMBER: <br> *(Número del Caso):* <br> CV157104 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gerald A. Emanuel/Amy Carlson (Bar # SBN 61049/213294)   Phone No. (408) 246-5500
HINKLE, JACHIMOWICZ, POINTER & EMANUEL   Fax No. (408) 246-1051
2007 West Hedding Street, Suite 100, San Jose, CA 95128

| | | | |
|---|---|---|---|
| DATE: <br> *(Fecha)* MAY 15 2007 | ALEX CALVO <br> Clerk, by <br> *(Secretario)* MICHELLE IRIS | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010)).*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Starbucks Corporation, A Washington Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 6-8-07

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

*LexisNexis® Automated California Judicial Council Forms*

1  Gerald A. Emanuel (SBN 61049)
   Amy Carlson (SBN 213294)
2  HINKLE, JACHIMOWICZ, POINTER & EMANUEL
   2007 West Hedding Street, Suite 100
3  San Jose, California 95128
   Telephone: (408) 246-5500
   Facsimile: (408) 246-1051

**F I L E D**

MAY 15 2007

ALEX CALVO, CLERK
BY MICHELLE IRIS
DEPUTY, SANTA CRUZ COUNTY

4

5  Attorneys for Plaintiff
   EMILEE CASS

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                    SANTA CRUZ COUNTY

10 EMILEE CASS,                    No.  CV157104
        Plaintiff,
11 vs.                            COMPLAINT FOR DAMAGES
                                  ARISING FROM:
12 STARBUCKS CORPORATION, a       1. PREGNANCY DISCRIMINATION;
   Washington Corporation, and DOES 1-  2. GENDER DISCRIMINATION;
13 50,                            DEMAND FOR JURY TRIAL
        Defendants.              3. DISABILITY DISCRIMINATION
14                                4. FAILURE TO ENGAGE THE
                                  INTERACTIVE PROCESS
15

16

17

18      COMES  NOW  Plaintiff  EMILEE  CASS  and  complains  against

19 Defendants, and each of them, and for causes of action alleges:

20 ///

21 ///

22

                               1

## GENERAL ALLEGATIONS
## ALLEGING JURISDICTION AND VENUE

1.    Plaintiff is informed and believes and thereupon alleges that at all pertinent times mentioned in this complaint, Defendant STARBUCKS CORPORATION (herein after referred to as "STARBUCKS") is a Washington corporation, qualified to do business in the State of California and doing business in the County of Santa Cruz, State of California.

2.    At all pertinent times mentioned in this complaint the Plaintiff was employed by Defendant STARBUCKS in, State of California, and the violations alleged herein occurred in Santa Cruz County, State of California.

3.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, Inclusive.  Plaintiff will seek leave to amend her complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and herein alleges that each of the Doe Defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

4.    At all times mentioned, unless otherwise stated, each Defendant was the agent and/or employee of each and every co-Defendant, and in performing the things, acts, or omissions, hereinafter more fully alleged, was acting within the scope and authority of said agency and/or employment.

5.    Each of the Defendants authorized, ratified and/or condoned the actions and omissions of each and every other Defendant.

2

1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2      6.      Defendant STARBUCKS hired Plaintiff on June 19, 2006 as an

3   assistant manager.

4      7.      Plaintiff was told she would receive training to be an assistant

5   manager.

6      8.      At the time of hire, Plaintiff informed several of her interviewers

7   that she was pregnant.

8      9.      Plaintiff began her employment at the Sunnyvale-Saratoga store,

9   where her supervisor regarded Plaintiff's job performance as acceptable.

10     10.     Plaintiff was then transferred to a Scotts Valley store, located at

11  219 Mt. Herman Road, Scotts Valley, California, 95066.

12     11.     As Plaintiff's pregnancy progressed, it became difficult for Plaintiff

13  to move as quickly as her non-pregnant coworkers.

14     12.     Plaintiff's Store Manager, Kathy Vucinich, refused to train Plaintiff

15  properly as an assistant store manager.  When a non-pregnant trainee was

16  hired, Ms. Vucinich took the time to adequately provide hands on training for

17  that new employee.

18     13.     Despite Ms. Vucinich's refusal to properly train Plaintiff and Ms.

19  Vucinich's approval of other supervisors completing Plaintiff's assistant

20  manager tasks, Ms. Vucinich blamed Plaintiff for mistakes when the duties

21  were not completed in a matter satisfactory to Ms. Vucinich's standards.

22

3

1    14.    On October 19, 2006, Ms. Vucinich gave Plaintiff a Performance

2    Action Plan, which required improvement within ninety (90) days.

3    15.    However, because Plaintiff was scheduled to give birth within the

4    ninety (90) day time frame, it would not be possible for Plaintiff to fulfill the

5    requirements.

6    16.    Moreover, one of the task failures, allegedly attributable to Plaintiff,

7    occurred while Plaintiff was not in the store and while Plaintiff was not

8    scheduled to work.

9    17.    Plaintiff then obtained a doctor's note requesting an

10   accommodation of tolerance from Plaintiff's supervisors, as Plaintiff had

11   undergone a physical change due to her pregnancy at 36 weeks and was not as

12   nimble as someone who was not pregnant.

13   18.    Defendant STARBUCKS refused this request and on October 28,

14   2006, Plaintiff was terminated for the stated reason that she was not

15   performing her job duties quickly enough.

16   19.    Plaintiff received a "Right to Sue" letter on March 27, 2007.

17   Therefore, Plaintiff has exhausted her administrative remedies.

18
19
20
## FIRST CAUSE OF ACTION

## PREGNANCY DISCRIMINATION

### (Violation of Government Code § 12940, ET seq.)

21
22

4

1    As a first, separate and distinct cause of action, Plaintiff complains

2  against Defendants and each of them and DOES 1 through 50, and each of

3  them, and for a cause of action alleges:

4    20.    Plaintiff hereby incorporates by reference Paragraphs 1 through 19

5  of the Complaint as if fully set forth herein:

6    21.    California Government Code §12940, et seq. provides that it shall

7  be an unlawful employment practice "for an employer, because of the physical

8  disability...medical condition...sex of any person...to discharge the person from

9  employment. California Government Code §12926(p) further states that, "sex

10  includes but is not limited to, pregnancy, childbirth, or medical conditions

11  related to pregnancy or childbirth." Defendants, and each of them,

12  discriminated against Plaintiff because Plaintiff was pregnant by committing

13  the things, acts, and omissions herein alleged.

14    22.    Similarly situated non-pregnant employees were not treated in the

15  disparate manner in which Plaintiff was treated. In discriminating against

16  Plaintiff on account of sex, these defendants, and each of them, have violated

17  Government Code § 12940(a).

18    23.    As a direct and proximate result of the conduct of these

19  Defendants, and each of them, Plaintiff has suffered emotional anguish and

20  distress, loss of income and benefits, and other special and general damages,

21  all in an amount to be proven at trial.

22

5

1    24.    In doing the things herein alleged, the conduct of these

2    Defendants, and each of them was despicable and these Defendants, and each

3    of them, acted towards Plaintiff with malice, oppression, fraud, and with a

4    willful and conscious disregard of Plaintiff's rights. Each of the defendants

5    ratified, authorized and condoned the conduct of each and every other

6    Defendant and managing agent, entitling Plaintiff to an award of punitive and

7    exemplary damages pursuant to California Civil Code § 3294 and Government

8    Code § 12940.

9    25.    Pursuant to Government Code §12965(b), Plaintiff requests the

10   award of attorney's fees against these Defendants, and each of them.

11   WHEREFORE, Plaintiff requests relief as hereinafter provided..

12   **SECOND CAUSE OF ACTION**

13   **GENDER DISCRIMINATION**

14   **(Violation of Government Code §12940)**

15   As a second, separate and distinct cause of action, Plaintiff complains

16   against Defendants and each of them and DOES 1 through 50, and each of

17   them, and for a cause of action alleges:

18   26.    Plaintiff hereby incorporates by reference Paragraphs 1 through 25

19   of the Complaint as if fully set forth herein.

20   27.    Government Code §12940 prohibits an employer from

21   discriminating against any employee because of that employee's sex. California

22

6

COMPLAINT FOR DAMAGES

1   Government Code § 12926(p) defines sex as "includes but is not limited to, a

2   person's gender, as defined in Section 422.56 of the Penal Code."   Defendants,

3   and each of them, discriminated against Plaintiff because of Plaintiff's sex by

4   performing the things, acts, and omissions herein alleged.

5       28.     Similarly situated male employees were not treated in the disparate

6   manner in which Plaintiff was treated.  In discriminating against Plaintiff on

7   account of sex, these defendants, and each of them, have violated Government

8   Code § 12940(a).

9       29.     As a direct and proximate result of the conduct of these

10  Defendants, and each of them, Plaintiff has suffered emotional anguish and

11  distress, loss of income and benefits, and other special and general damages,

12  all in an amount to be proven at trial.

13      30.     In doing the things herein alleged, the conduct of these

14  Defendants, and each of them was despicable and these Defendants, and each

15  of them, acted towards Plaintiff with malice, oppression, fraud, and with a

16  willful and conscious disregard of Plaintiff's rights.  Each of the defendants

17  ratified, authorized and condoned the conduct and omissions of each and every

18  other Defendant and managing agent, entitling Plaintiff to an award of punitive

19  and exemplary damages pursuant to California Civil Code § 3294 and

20  Government Code § 12940.

21

22

1    31.    Pursuant to Government Code §12965(b), Plaintiff requests an

2    award of attorney's fees against these Defendants, and each of them.

3    WHEREFORE, Plaintiff requests relief as hereinafter provided.

4    **THIRD CAUSE OF ACTION**

5    **[DISABILITY DISCRIMINATION]**

6    **(Violation of Government Code §12940)**

7    As a third, separate and distinct cause of action, Plaintiff complains against

8    Defendants and each of them and DOES 1 through 50, and each of them, and

9    for a cause of action alleges:

10    32.    Plaintiff hereby incorporates by reference Paragraphs 1 through

11    31 of the Complaint as if fully set forth herein.

12    33.    According to California Government Code §12940, it shall be an

13    unlawful employment practice "for an employer, because of the physical

14    disability...medical condition...to discharge the person from employment."

15    California Code of Regulations §7291.5 states, "it is unlawful for any employer,

16    because of pregnancy of an employee...to refuse to accommodate the employee

17    who is temporarily disabled by pregnancy to the same extent that other

18    temporarily disabled employees are accommodated under the employer's

19    policy."

20

21

22

8

1  34.    Defendants, and each of them, discriminated against Plaintiff

2  because of Plaintiff's temporary disability by performing the things, acts, and

3  omissions herein alleged.

4  35.    Similarly situated temporarily disabled employees were not treated

5  in the disparate manner in which Plaintiff was treated.  In discriminating

6  against Plaintiff on account of disability, these defendants, and each of them,

7  have violated Government Code § 12940(a).

8  36.    As a direct and proximate result of the conduct of these

9  Defendants, and each of them, Plaintiff has suffered emotional anguish and

10  distress, loss of income and benefits, and other special and general damages,

11  all in an amount to be proven at trial.

12  37.    In doing the things herein alleged, the conduct of these

13  Defendants, and each of them was despicable and these Defendants, and each

14  of them, acted towards Plaintiff with malice, oppression, fraud, and with a

15  willful and conscious disregard of Plaintiff's rights.  Each of the defendants

16  ratified, authorized and condoned the conduct and omissions of each and every

17  other Defendant and managing agent, entitling Plaintiff to an award of punitive

18  and exemplary damages pursuant to California Civil Code § 3294 and

19  Government Code § 12940.

20  38.    Pursuant to Government Code §12965(b), Plaintiff requests an

21  award of attorney's fees against these Defendants, and each of them.

22

9

COMPLAINT FOR DAMAGES

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### [FAILURE TO ENGAGE THE INTERACTIVE PROCESS TO DETERMINE EFFECTIVE REASONABLE ACCOMODATIONS]

As a fourth, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them and for a cause of action alleges:

39.     Plaintiff hereby incorporates by reference Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

40.     California Government Code §12940(n) states that it shall be an unlawful employment practice "for an employer...to fail to engage in timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known medical condition." Defendants, and each of them, failed to engage in a timely, good faith, interactive process with Plaintiff when in response to Plaintiff's request for a reasonable accommodation, Defendant refused to determine effective reasonable accommodations even though Plaintiff's disability and medical condition were known to Defendant. Defendants, and each of them, discriminated against Plaintiff by committing the things, acts, and commissions herein alleged.

10

41.  In failing to engage in timely, good faith interactive process with Plaintiff, Defendants and each of them have violated Government Code § 12940(n).

42.  Plaintiff is informed and believes and thereupon alleges that the fictitious Defendants named as DOES 1 through 50, Inclusive, aided, abetted, incited, compelled, coerced or conspired to commit one or more of the acts alleged herein.

43.  As a direct and proximate result of the conduct of these Defendants and each of them, Plaintiff has suffered emotional anguish and distress, loss of income and benefits and other special and general damages all in an amount to be proven at trial.

44.  In doing the things herein alleged, the conduct of Defendants, and each of them, is despicable and Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights.  Each of the Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code § 3294 and Government Code § 12940.

45.  Pursuant to Government Code §12965(b), Plaintiff requests the award of attorney's fees against Defendants, and each of them.

11

1

<h2 style="text-align:center">PRAYER</h2>

2    WHEREFORE, Plaintiff prays for judgment against Defendants, and each

3 of them, as follows:

4    1.    For a money judgment representing compensatory damages

5 including lost wages, earnings, retirement benefits and other employee benefits,

6 and all other sums of money, together with interest on these amounts

7 according to proof;

8    2.    For a money judgment for mental pain and anguish and emotional

9 distress, according to proof;

10    3.    For an award of exemplary and punitive damages, according to
proof;

11    4.    For costs of suit and attorney's fees;

12    5.    For pre-judgment and post-judgment interest; and

13    6.    For such other and further relief as the court deems just and

14 proper.

15

<h2 style="text-align:center">DEMAND FOR JURY TRIAL</h2>

16    Plaintiff hereby demands a jury trial on all of the issues.

17

18 Dated: 5/11 , 2007       HINKLE, JACHIMOWICZ, POINTER & EMANUEL

19

20                          AMY CARLSON
                            Attorney for Plaintiff
21                          EMILEE CASS

22

12

COMPLAINT FOR DAMAGES

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**<br>701 Ocean Street<br>Santa Cruz, CA, 95060<br><br>PLAINTIFF:  EMILEE CASS<br><br>DEFENDANT: STARBUCKS CORPORATION | *For Court Use Only*<br><br>**F I L E D**<br><br>MAY 1 5 2007<br><br>ALEX CALVO, CLERK<br>BY MICHELLE IRIS<br>DEPUTY, SANTA CRUZ COUNTY |
| **CASE MANAGEMENT INFORMATION AND SETTING** | CASE NO:<br>CISCV157104 |

This case is in Santa Cruz County's Case Management Program.  It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:**  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT.  THE DATE BELOW <u>DOES NOT EXTEND</u> THE TIME TO FILE A RESPONSE.  SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.



| |
|---|
| The first Case Management Conference hearing date is:<br><br>Date: 09/12/07                    Time:  8:29               Department No.:  9 |

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572–4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

CMC

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1.  To at all times comply with the California Rules of Professional Conduct;
2.  To honor all commitments;
3.  To be candid in all dealings with the court and counsel;
4.  To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5.  To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6.  To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7.  To be on time;
8.  To be prepared for all court appearances - to be familiar with all applicable court rules;
9.  To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professionalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

CMC

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 (Rev. January 1, 2005)

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rule 212

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐  (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.  Jury or nonjury trial
The party or parties request ☐ a jury trial ☐ a nonjury trial  (If more than one party, provide the name of each party requesting a jury trial):

6.  Trial date
a.  ☐  The trial has been set for (date):
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

c.  Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.  Estimated length of trial
The party or parties estimate that the trial will take (check one):
a.  ☐  days (specify number):
b.  ☐  hours (short causes) (specify):

8.  Trial representation (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  Preference
☐  This case is entitled to preference (specify code section):

10. Alternative Dispute Resolution (ADR)
a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by (date):
c.  ☐  The case has gone to an ADR process (indicate status):

CM-110 (Rev. January 1, 2005)    CASE MANAGEMENT STATEMENT

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in (check all that apply):

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other (specify):

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court (specify exemption):

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement (name):

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other (specify):

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**CASE MANAGEMENT STATEMENT**