| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**

Previous case management orders in this case are (check one):    ☐ none    ☐ attached as Attachment 21.

**22. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

# ADR INFORMATION PACKAGE

Included in this package:

- Cover Page
- Alternative Dispute Resolution Program Notice
- Local Form SUPCV 1012
  (Stipulation and Order to Attend Judicial Mediation or Private Arbitration)

## ATTENTION PLAINTIFFS/CROSS-COMPLAINANTS

### PLAINTIFFS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON EACH DEFENDANT ALONG WITH THE COMPLAINT. CROSS-COMPLAINANTS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES TO THE ACTION ALONG WITH THE CROSS-COMPLAINT (CRC 3.221)

# ALTERNATIVE DISPUTE RESOLUTION PROGRAM NOTICE
## SANTA CRUZ SUPERIOR COURT
### LOCAL RULE 7.1.02(a)

TO:    ALL CIVIL LITIGANTS

RE:    JUDICIAL MEDIATION PROGRAM OF SANTA CRUZ OR OPTION FOR PRIVATE ARBITRATION

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz County's ADR process is Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Appropriate cases will be assigned to Judicial Mediation from the Case Management Conference Calendar. The parties may stipulate to Mediation prior to the Case Management Conference by written stipulation on local form, SUPCV 1012. Case Management Conference Statements and requests for continuances should be submitted at least ten days in advance of the hearing.

FOR MORE INFORMATION REGARDING SANTA CRUZ COUNTY'S MEDIATION PROGRAM, SEE LOCAL RULE 7.1 OR CONTACT THE CIVIL CALENDAR DEPARTMENT (SANTA CRUZ) AT (831) 454-2303 OR THE WATSONVILLE BRANCH AT (831) 763-8069.

You may also stipulate to use a private arbitration or mediation service with the same local form 1012. This local form is required to ensure that the case is tracked properly by Court staff.

ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS):*    TELEPHONE NO.:    *For Court Use Only*

ATTORNEY FOR *(NAME):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
☐ Santa Cruz    ☐ Watsonville Branch
   701 Ocean Street, Room 110    1430 Freedom Boulevard
   Santa Cruz, CA 95060    Watsonville, CA 95076

Plaintiff/Petitioner:

Defendant/Respondent:

| STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION Must be filed 10 days before Case Management Conference | CASE NO.: |

FOR GOOD CAUSE as stated in the attached supporting declaration,
CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR: (DATE) _____
CHECK ONLY ONE BOX:

1. ( ) The parties stipulate to court ordered mediation.

2. ( ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above. The parties agree that such process shall be a good faith attempt to resolve the case.

SIGNATURES OF COUNSEL:

TYPE NAME: _____

DATE: _____    ATTORNEY FOR: _____

TYPE NAME: _____

DATE: _____    ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION, AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED

☐ SET FOR JUDICIAL MEDIATION ON: _____    AT: _____    a.m./p.m.

☐ VACATE CMC CURRENTLY SET FOR: _____    AT: _____    a.m./p.m.

Date: _____    _____
                              JUDGE OF THE SUPERIOR COURT

**EXHIBIT B**

1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA  94111-4131
4  Telephone:  (415) 344-7000
   Facsimile:  (415) 344-7050
5
   Attorneys for Defendant
6  STARBUCKS CORPORATION

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SANTA CRUZ

10

11  EMILEE CASS,                          Case No. CV 157104

12               Plaintiff,               **DEFENDANT STARBUCKS
                                          CORPORATION'S ANSWER TO
13       v.                               COMPLAINT**

14  STARBUCKS CORPORATION, a Washington
    Corporation, and DOES 1 through 50.
15
                 Defendants.
16

17       Defendant Starbucks Corporation ("Starbucks") hereby answers the unverified complaint

18  ("Complaint") of Plaintiff Emilee Cass ("Plaintiff") as follows:

19       Pursuant to section 431.30 of the California Code of Civil Procedure, Starbucks generally

20  denies each and every allegation contained in the Complaint, and the whole thereof, and further

21  denies that Plaintiff was damaged in the manner or sum alleged, or in any other manner or sum

22  whatsoever.

23

24

25

26

27

28

**AFFIRMATIVE DEFENSES**

By way of affirmative defense to the allegations of the Complaint on file herein, Starbucks alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

*(Failure to State a Cause of Action)*

1.      The Complaint, and each cause of action contained therein, fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

*(Waiver, Estoppel, Laches, and/or Unclean Hands)*

2.      Starbucks alleges that one or more of Plaintiff's causes of action are barred by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

*(Failure to Exhaust Administrative Remedies)*

3.      Plaintiff's causes of action are barred because Plaintiff has failed to exhaust administrative remedies which is a prerequisite to the maintenance of one or more of the causes of action asserted in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

*(At-Will Employment)*

4.      One or more of Plaintiff's claims are barred because Plaintiff's employment was terminable at the will of either Plaintiff or Starbucks under California Labor Code § 2922.

**FIFTH AFFIRMATIVE DEFENSE**

*(Failure to Adequately Fulfill Employment Responsibilities)*

5.      Starbucks alleges that Plaintiff failed to adequately fulfill her responsibilities as an employee pursuant to California Labor Code §§ 2850 through 2866.

- 2 -

### SIXTH AFFIRMATIVE DEFENSE

*(Legitimate and Non-Discriminatory Reasons for Conduct)*

6.      Starbucks alleges that all actions with regard to Plaintiff were taken for legitimate and non-discriminatory business reasons, were based on reasonable factors other than Plaintiff's pregnancy/sex/disability or perceived disability, and were a just and proper exercise of management discretion undertaken for a fair and honest reason, not prohibited by statute.

### SEVENTH AFFIRMATIVE DEFENSE

*(Conduct Applicable to All Persons)*

7.      Plaintiff's claims are barred because, to the extent Starbucks engaged in any of the conduct alleged in the Complaint, such conduct was applicable alike to all persons.

### EIGHTH AFFIRMATIVE DEFENSE

*(Inability to Perform Essential Job Duties, Health and Safety Risk)*

8.      Starbucks alleges that its conduct was lawful because, even with reasonable accommodations, Plaintiff was unable to perform an essential job duty without endangering her health or safety or the health or safety of others.

### NINTH AFFIRMATIVE DEFENSE

*(Bona Fide Occupational Qualification)*

9.      Starbucks alleges that its conduct was lawful because Plaintiff, or individuals like Plaintiff, cannot safely and efficiently perform the job in question and the essence of the business operations would otherwise be undermined.

### TENTH AFFIRMATIVE DEFENSE

*(Undue Hardship)*

10.     Starbucks alleges that its conduct was lawful because Plaintiff's proposed accommodations, if any, would create an undue hardship to the operation of its business.

### ELEVENTH AFFIRMATIVE DEFENSE

*(Requested Accommodation Unreasonable)*

11.     Starbucks alleges that Plaintiff's requested accommodation was unreasonable.

- 3 -

**TWELFTH AFFIRMATIVE DEFENSE**

*(Fair Employment Procedures)*

12.    Starbucks alleges that Plaintiff's causes of action are barred, and any recovery of damages precluded, because Starbucks exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior in that it had an equal employment opportunity policy and anti-discrimination policy which were communicated to all employees and strictly enforced.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*(Acts Outside Scope of Employment)*

13.    Starbucks alleges that if its employees, or any of them, committed the acts alleged in the Complaint, although such is not admitted hereby, such acts were committed outside the scope of employment and not by agents of Starbucks, and thus Starbucks is not liable for such acts.

**FOURTEENTH AFFIRMATIVE DEFENSE**

*(Acts Outside Defendant's Control)*

14.    Starbucks alleges that any loss, injury, or damage purportedly incurred by Plaintiff was proximately caused by acts or omissions of persons who Starbucks neither controlled nor had the right to control, and was not proximately caused by any act, omission, or other conduct of Starbucks.

**FIFTEENTH AFFIRMATIVE DEFENSE**

*(Failure to Mitigate)*

15.    Starbucks alleges that Plaintiff has failed to protect herself from avoidable consequences and otherwise mitigate her damages. Plaintiff could have avoided some or all of the alleged harm with reasonable effort. For instance, Plaintiff unreasonably failed to use Starbucks discrimination complaint procedures that Starbucks provided and reasonable use of such procedures would have prevented some or all of the harm. As such, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages constituting the avoidable consequences of Plaintiff's failure to utilize Starbucks internal policy against unlawful

1 | discrimination.  Moreover, if Starbucks did wrongfully terminate Plaintiff, although such is not
2 | admitted hereby or herein, Plaintiff had a duty to mitigate damages by promptly seeking
3 | employment elsewhere.  By the exercise of reasonable effort, Plaintiff could have obtained
4 | employment elsewhere of substantially similar character promptly following Starbucks alleged
5 | discriminatory termination, but Plaintiff failed and refused to exercise such effort and refused to
6 | accept such employment elsewhere.  Finally, if Starbucks did subject Plaintiff to any wrongful or
7 | unlawful conduct resulting in mental, physical, or emotional harm, although such is not admitted
8 | hereby, Plaintiff had a duty to exercise reasonable effort to mitigate any damages plaintiff may
9 | have suffered by seeking medical and psychological treatment and plaintiff has failed to do so.
10 | Accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by
11 | the amount of damages that would otherwise have been mitigated.

### SIXTEENTH AFFIRMATIVE DEFENSE

*(Lack of Bad Faith/Malice)*

14 |     16.    Starbucks alleges that any award of punitive damages would be improper because
15 | it made good faith efforts to comply with the law.  At all times and places mentioned in the
16 | Complaint, Starbucks acted without malice and with a good faith belief in the propriety of its
17 | conduct.  To the extent Starbucks took any of the actions alleged in the Complaint, and to the
18 | extent that such actions are attributable to Starbucks, those actions were the true and privileged
19 | acts taken in good faith for lawful business reasons and were not arbitrary or capricious.

### SEVENTEENTH AFFIRMATIVE DEFENSE

*(Punitive Damages Improper)*

22 |     17.    Starbucks alleges that any award of punitive damages would violate the due
23 | process and excessive fines clauses of the Fifth, Eighth, and Fourteenth Amendments, the
24 | Commerce Clause of the United States Constitution, and the Constitution of the State of
25 | California.

- 5 -

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *(Attorneys' Fees)*

18.    The Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action entitling Plaintiff to attorneys' fees on any basis.

## NINETEENTH AFFIRMATIVE DEFENSE

### *(Offset Damages)*

19.    Starbucks alleges that Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits obtained by Plaintiff since her termination.

## TWENTIETH AFFIRMATIVE DEFENSE

### *(After-Acquired Evidence)*

20.    Starbucks alleges that the Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence, or alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### *(CWCA Preemption)*

21.    Starbucks alleges that to the extent Plaintiff claims she suffered stress-related damages due to Starbucks conduct, the court lacks jurisdiction of such matters as they are barred by the exclusive remedy provisions of the California Workers' Compensation Act.

Starbucks reserves the right to assert other affirmative defenses as may be warranted as discovery in this action proceeds.

STARBUCKS CORPORATION'S ANSWER TO COMPLAINT
Case No. CV 157104

1    WHEREFORE, Starbucks prays for relief as follows:

2            a.     Plaintiff takes nothing by her Complaint;

3            b.     That judgment be entered in favor of Starbucks;

4            c.     That Starbucks recover its costs and expenses incurred herein, including

5    reasonable attorneys' fees; and

6            d.     For such other and further relief as the Court deems just and equitable.

7

8    DATED: July 9, 2007             PERKINS COIE LLP

9

10                           By: _____
                                David R. Burtt

11                          Attorneys for Defendant
                            STARBUCKS CORPORATION

12   18177-0185/LEGAL13370166.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STARBUCKS CORPORATION'S ANSWER TO COMPLAINT
Case No. CV 157104

1  DAVID R. ONGARO, State Bar No. 154698
   DAVID R. BURTT, State Bar No. 201220
2  JONMI N. KOO, State Bar No. 233136
   PERKINS COIE LLP
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA 94111-4131
4  Telephone: 415.344.7000
   Facsimile: 415.344.7050
5
6  Attorneys for Defendant
   STARBUCKS CORPORATION
7
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                        COUNTY OF SANTA CRUZ
11
12
13  EMILEE CASS,                          Case No. CV 157104
14              Plaintiff,                 **PROOF OF SERVICE**
15       v.
16  STARBUCKS CORPORATION, a Washington
    Corporation, and DOES 1 through 50.
17
18              Defendants.
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE
CASE NO. RG07310166
18177-0185/LEGAL13380538.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE

I, Michele Covington, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. On July 9, 2007, I served a copy of the within document(s):

### DEFENDANT STARBUCKS CORPORATION'S ANSWER TO COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, the U.S. mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Gerald A. Emanuel                    *Attorneys for the Plaintiff*
Amy Carlson
Hinkle, Jachimowicz, Pointer & Emanuel
2007 West Hedding Street, Suite 100
San Jose, California 95128

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 9, 2007, at San Francisco, California.

_Michele Covington_
Michele Covington

-2-



1   DAVID R. ONGARO, State Bar No. 154698
    DAVID R. BURTT, State Bar No. 201220
2   JONMI N. KOO, State Bar No. 233136
    PERKINS COIE LLP
3   Four Embarcadero Center, Suite 2400
    San Francisco, CA 94111-4131
4   Telephone: (415) 344-7000
    Facsimile: (415) 344-7050
5
    Attorneys for Defendant
6   STARBUCKS CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11
                              C 07   03549
12  EMILEE CASS,                      Case No.

13            Plaintiff,              **CERTIFICATION OF INTERESTED
                                      ENTITIES OR PERSONS**
14       v.
                                      (N.D. Cal. Local Rule 3-16)
15  STARBUCKS CORPORATION, a Washington
16  corporation; and DOES 1 to 50, inclusive,

17            Defendant.

18

19  TO THE COURT AND ALL PARTIES APPEARING OF RECORD:

20          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

21  named parties, there is no such interest to report.

22

23  DATED: July 9, 2007          **PERKINS COIE LLP**

24

25                              By:
                                     David R. Burtt
26
                                Attorneys for Defendant
27                              STARBUCKS CORPORATION

28  18177-0185/LEGAL13371274.1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS
Case No.

ORIGINAL
FILED

07 JUL -9 PM 3: 40

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

PVT

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

EMILEE CASS,

07 JUL -9 PM 3:50

Plaintiff (s),

No. C 07-03549 PVT

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST. OF S.J

v.

STARBUCKS CORPORATION,
Defendant(s).

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Patricial V. Trumbull.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/9/2007 | Notice of removal filed | |
| 9/25/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 10/9/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 10/16/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 5, 4th Floor, SJ at 2:00 PM | Civil L.R. 16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN
CASES ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE PATRICIA V. TRUMBULL**
(rev. 1/5/06)

     The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

**I.    CASE MANAGEMENT CONFERENCE**

     A Case Management Conference will be held 2:00 p.m. on the date set forth in the Order Setting Initial Case Management Conference that is issued when the case is filed. The Case Management Conference will be held in Courtroom 5, United States Courthouse, 280 South First Street, San Jose, CA 95113. This conference may be continued only on order of the Court; parties may not stipulate to continue a case management conference without leave from the Court.

**II.    MOTION PRACTICE**

     **A.    Discovery Motions.** All parties who want their discovery motions before Magistrate Judge Trumbull to be heard on shortened time may serve and file along with their discovery motion, either: 1) a stipulation of the parties pursuant to Local Rule 6-2; or 2) a motion to shorten time under Civil Local Rule 6-3. Otherwise, all discovery matters shall be noticed in accordance with Civil Local Rule 7-2. Upon receipt of the moving papers, this court may in its discretion modify the briefing and hearing schedule.

     **B.    Law and Motion Calendar.** Magistrate Judge Trumbull's Civil Law and Motion calendar is heard every Tuesday at 10:00 a.m.

     **C.    Dispositive Motions.** Within five (5) court days after any party files a dispositive motion, if written consents to Magistrate Judge jurisdiction have not yet been filed by all parties, all parties who have not yet filed such a consent must notify the court whether they consent to the jurisdiction of the Magistrate Judge. If a party chooses to consent, the attorney of record for the party, or the party if he or she is unrepresented, must sign a document stating that the party consents to the jurisdiction of the Magistrate Judge for any and all proceedings, including trial. Consent forms may be obtained from the clerks office, from the courtroom deputy, or from the court's website at http://www.cand.uscourts.gov. If any party chooses not to consent, the attorney of record or unrepresented party must promptly file a request for reassignment to a District Court Judge. **Magistrate Judge Trumbull will not hear argument on dispositive motions without affirmative, written consents.**

III.    **EFFECT OF REASSIGNMENT TO A DISTRICT COURT JUDGE**

In the event a case that is originally assigned to Judge Trumbull is later reassigned to a District Court Judge in the San Jose Division, and unless otherwise ordered by the court, the case will remain assigned to Judge Trumbull for all discovery matters.

IV.    **TRIAL PRACTICE (FOR COURT OR JURY TRIAL AS APPLICABLE)**

A.    **Ten (10) Court Days Prior to the Pretrial Conference.**

Unless otherwise ordered, if the trial will be a jury trial, the parties shall exchange (but not file) their respective proposed jury instructions in order to begin preparing the joint set of jury instructions required by section IV.B.5., below.

Unless otherwise ordered, the parties shall file the following not less than ten (10) court days prior to the pretrial conference:

1.    **Trial Briefs.**

2.    **Motions *In Limine*.**

3.    **Depositions and Discovery Responses.**  One copy of any deposition transcripts and any other discovery responses either party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged (not filed) with the court.  The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses.

4.    **Proposed Voir Dire Questions (Jury Trials Only).**  Proposed voir dire questions shall be submitted to the court.  The examination of trial jurors shall be conducted by the Judge.  The court will also allow limited follow up voir dire by attorneys.  Juror questionnaires are permitted in limited situations.  If the parties wish to submit juror questionnaires, the parties must contact the court well in advance of the pretrial conference to discuss procedures.

6.    **Form of Verdict (Jury Trials Only).**  Each party shall serve and submit to the court its proposed form of verdict on the day of the pretrial conference.  In addition to the paper copy, each party shall also submit a copy of its proposed form of verdict on a computer disk in either ASCii text or WordPerfect format.

7.    **Proposed Findings of Fact and Conclusions of Law (for Non-Jury Trials Only).**  In actions tried to the court without a jury, each party shall file Proposed Findings of Fact and Conclusions of Law no later than the day of the pretrial conference.  In addition to the paper copy, each party shall also submit a copy of its file Proposed Findings of Fact and

-2-

Conclusions of Law on a computer disk in either ASCii text or WordPerfect format.

**8.** **Joint Pretrial Statement.** The Joint Pretrial Statement shall include the following:

**a.** **Substance of the Action.** A brief description of the general nature of the action.

**b.** **Stipulations, Agreed Statement and Undisputed Facts.** A statement of: (I) any stipulations requested or proposed for pretrial or trial purposes; (ii) whether all or part of the action may be presented upon an agreed statement of facts; and (iii) all relevant facts not reasonably in dispute, as well as any facts to which the parties will stipulate for the trial record without the necessity of supporting testimony or exhibits.

**c.** **Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

**d.** **Disputed Legal Issues.** Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure and/or evidence. (When appropriate, full legal argument with citations to statutes and case law should be submitted by way of a Trial Brief.)

**e.** **Deposition Excerpts and Discovery Responses.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal.

**f.** **Witnesses to be Called.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of the name of each witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses whom the party expects to call and those witnesses whom the party may call if the need arises.

**g.** **Exhibits, Schedules and Summaries.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must meet and confer on a division of exhibit numbers which will avoid duplication of numbering. If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial. **Any disputes regarding the authenticity and/or**

-3-

admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference, or the objections will be deemed waived.

   **h.**  **Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

   **I.**  **Estimate of Trial Time.** An estimate of the number of court days needed for the presentation of each party's case, indicating any possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

   **j.**  **Amendments, Dismissals.** A statement of any requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

   **k.**  **Settlement Discussion.** A statement indicating whether further settlement negotiations would likely be productive.

   **l.**  **Miscellaneous.** A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

**B.**  **Five (5) Court Days Prior to the Pretrial Conference.**

  Unless otherwise ordered, the parties shall file and serve the following not less than five (5) court days prior to the pretrial conference.

   **1.**  **Oppositions to Motions *In Limine.***

   **2.**  **Objections to the use of Deposition Excerpts or other Discovery Responses.** Unless otherwise ordered, any objections to excerpts from depositions, or other discovery responses, designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections.

   **3.**  **Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is incomplete without inclusion of addition deposition excerpts or other discovery responses, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record.  Any objections to the counter-designations shall be served (by fax and mail) and filed the day before the Pretrial Conference (the after-hours drop box may *not* be used for this filing).

**4.    Objections to Voir Dire and Verdict Forms.** Unless otherwise ordered, any objections to use of proposed voir dire or verdict forms shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

**5.    Jury Instructions (Jury Trials Only).** The court has a standard set of preliminary instructions which will be given at the beginning of trial and standard closing instructions which will be given prior to closing argument based upon the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT. The parties should not submit preliminary or closing instructions.

The parties shall file a **joint** set of all proposed <u>substantive</u> instructions, unless specific leave to the contrary is granted by the Court. The Court prefers parties to use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS, modified and supplemented as necessary. The parties shall also submit to the court: 1) a copy of all proposed instructions on a computer disk in either WordPerfect, Word or ASCii text format; and 2) an additional copy of the proposed jury instructions in a three-ring binder for the court's use.

In the event parties are unable to agree on the language of a particular instruction, the objecting party shall submit an alternative instruction, placed immediately following the instruction to which an objection is being made, and a brief statement of the ground for the objection. **Challenged instructions must be clearly marked and identified.**

Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. On a separate page following each instruction, the parties must provide citation to the authority upon which each instruction is based.

Patricia V. Trumbull
Patricia V. Trumbull
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

Case No. _____

## STANDING ORDER REGARDING

## CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1      Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only

2  after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available

3  date.

4      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for

5  hearing on any Tuesday at 10:00 a.m.

6      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for

7  hearing on any Wednesday at 9:30 a.m.

8      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for

9  hearing on any Tuesday at 10:00 a.m.

10      Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be

11  held on _____ at _____, at the United States Courthouse, 280

12  South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil

13  L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14      Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with

15  their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8

16  and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the

17  Case Management Conference and good faith compliance with the requirements of this Order are essential

18  elements of effective case management. Failure to meet and confer, to be prepared for the Case Management

19  Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but

20  are not required, to attend the Case Management Conference.

21      In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,

22  the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by

23  the close of the next court day following the day the papers are filed electronically. These printed copies shall be

24  marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the

25  judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document

26  with the Clerk's Office that has already been filed electronically.

27  IT IS SO ORDERED.

28  Dated: Effective on the date this order is filed, until further court order.

1

2

3

James Ware
United States District Judge

4

5

6

7

Ronald M. Whyte
United States District Judge

8

9

10

11

Jeremy Fogel
United States District Judge

12

13

14

Patricia V. Trumbull
United States Chief Magistrate Judge

15

16

17

18

Richard Seeborg
United States Magistrate Judge

19

20

21

Howard R. Lloyd
United States Magistrate Judge

22

23

24

25

26

27

28

3

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

## WELCOME TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, CLERK'S OFFICE, SAN JOSE DIVISION

In addition to the Local Rules, the following guidelines have been provided to ensure that the filing process is accomplished with ease and accuracy. Please help us to assist in making your visit to the U.S. District Court Clerk's Office productive and worthwhile.

1.  When submitting a Proof of Service that is not attached to the back of a document, you must attach a cover sheet showing case caption and number in accordance with the Local Rules.

2.  Appropriate sized self-addressed envelopes are to be included with proposed orders or when filing documents by mail.

3.  In order to facilitate the file stamping process, original documents should be submitted on top of their copies. In other words, group like or corresponding documents together.

4.  This office will **retain the ORIGINAL plus ONE COPY of most documents** submitted. We will conform as many copies as you bring (*within reason*) for your use.

5.  The copies retained go directly to the assigned judge or magistrate judge. *Courtesy copies, or instructions for couriers to delivery a copy directly to chambers are inappropriate unless you have been instructed to do so by court order.*

6.  The document caption should include the appropriate judge or magistrate judge who is involved in that particular matter or before whom an appearance is being made.

7.  The case number must include the initials of the judge and magistrate judge as well as the initials designating the case to Early Neutral Evaluation (ENE) or Arbitration (ARB).

8.  The case number must include whether it is a civil or criminal matter by the inclusion of a "C" or "CR" at the beginning of the number.

9.  Documents must be **stapled and/or ACCO fastened** at the top. **NO BINDER CLIPS OR RUBBER BANDS PLEASE.**

10. Two holes-punched at the top of bulky or thick documents at the top of pages will facilitate processing.

## NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION
## CRIMINAL AND CIVIL LAW AND MOTION/TRIAL/SETTLEMENT/CASE
## MANAGEMENT/DISMISSAL HEARING SCHEDULES

### FOGEL (JF) - COURTROOM #3, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Wednesday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Friday | @ 11:00 A.M. & (10) days before Trial |
| Trial: Jury Selection: | Friday | @ 1:30 P.M. |

### LLOYD (HRL) - COURTROOM #2, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesdays | @ 10:00 A.M. |
| Criminal: | Thursdays | @ 9:30 A.M. |
| CMC: | Tuesdays | @ 1:30 P.M. |
| Pretrial: | Tuesday | @ 1:30 P.M. |

### TRUMBULL (PVT) - COURTROOM #5, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesday | @ 10:00 A.M. |
| Criminal: | Thursday | @ 9:30 A.M. & 2:00 P.M. |
| Stat/CMC: | Tuesday | @ 2:00 P.M. |
| Pretrial: | Tuesday | @ 2:00 P.M. |
| Trial: | Monday | @ 9:30 A.M. |

### WARE (JW) - COURTROOM #8, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Monday | @ 9:00 A.M. |
| Criminal: | Monday | @ 1:30 P.M. |
| CMC: | Monday | @ 10:00 A.M. |
| Criminal Pretrial: | Monday | @ 1:30 P.M. |
| Civil Pretrial: | Monday | @ 3:00pm & two weeks before Trial |
| Trial: Jury Selection: | Tuesday | @ 9:00 A.M. |
| Testimony: | Tuesday/ Wednesday/Thursday/Friday | |

### SEEBORG (RS) - COURTROOM #4, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Wednesday | @ 9:30 A.M. |
| Criminal: | Thursday | @ 9:30A.M. |
| CMC: | Wednesday | @ 2:30 P.M. |
| Pretrial: | Wednesday | @ 1:30 P.M. |
| Trial: | Monday | @ 9:00A.M. |

### WHYTE (RMW) - COURTROOM #6, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Monday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Thursday | @ 2:00 P.M. and 20 days before Trial |
| Trial: | Monday | @ 1:30 P.M. |

Rev: 3/13/01:tg
Updated: 08/08/02
Updated:4/22/04:bjw
Updated 11/29/05bjw

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been assigned for all purposes to the Magistrate Judge whose initials appear following your case number.

In accordance with Title 28 U.S.C. 636( c ), with written consent of all parties, this magistrate judge shall conduct any and all proceedings in this case, including a jury or non-jury trial and entry of final judgment. An appeal from a judgment entered by magistrate judge may be taken directly to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court. You may, however, without adverse consequences, decline to consent to the assignment of the magistrate judge for all purposes. Both a consent form and a declination form have been provided to you. Please complete the form that corresponds to your choice and promptly return to the Court.

In the event that you decline the assignment of the magistrate judge for all purposes, in accordance with Title 28 U.S.C. 636 (b)(1)(a) and General Order 44, that magistrate judge nevertheless has been designated to and will hear and determine pretrial matters not dispositive of a claim or defense.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rule of Civil Procedure 4 and 5.

FOR THE COURT;
RICHARD W. WIEKING, CLERK

By_____
Deputy Clerk

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8
9                                        No.  C

10          Plaintiff(s),              **CONSENT TO PROCEED BEFORE A**
                                       **UNITED STATES MAGISTRATE JUDGE**
11     v.

12
13          Defendant(s).
                                        /
14
15       CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

16       In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party

17   hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further

18   proceedings in the case, including trial, and order the entry of a final judgment.  Appeal from the

19   judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

20
21   Dated: _____        _____
22                                          Signature

23                                          Counsel for _____
                                            (Plaintiff, Defendant or indicate "pro se")
24
25
26
27
28

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11                                              No.  C
12
            Plaintiff(s),              **DECLINATION TO PROCEED BEFORE**
13                                     **A MAGISTRATE JUDGE**
      v.                                         **AND**
14                                     **REQUEST FOR REASSIGNMENT TO A**
                                       **UNITED STATES DISTRICT JUDGE**
15
            Defendant(s).
16    _____/
17
      REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE
18
          The undersigned party hereby declines to consent to the assignment of this case to a United
19
    States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to
20
    a United States District Judge.
21
22
    Dated: _____        Signature_____
23
                                         Counsel for _____
24                                       (Plaintiff, Defendant, or indicate "pro se")
25
26
27
28