# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you must</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also</u>:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

## NOTICE OF ELECTRONIC AVAILABILITY
## OF CASE FILE INFORMATION

The Office of the Clerk is now accepting many electronically filed documents and making the content of these documents available on the court's Internet website via PACER. Any subscriber to PACER will be able to read, download, store and print the full content of electronically filed documents. The Clerk's Office will not make electronically available documents that have been sealed or otherwise restricted by court order.

In response to the increased online accessibility of court documents, the judges of the Northern District recently adopted General Order No. 53, a copy of which is attached.

Counsel are strongly urged to share a copy of General Order No. 53 with all clients so that an informed decision about the inclusion, redaction and/or exclusion of certain materials may be made. It is the sole responsibility of counsel and the parties to be sure that all documents comply with General Order No. 53. The clerk will not review documents for redaction.

## GENERAL ORDER NO. 53

## PRIVACY

**A. Personal Identifiers.**

In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (PL 107-347), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or must redact where inclusion is necessary, the following personal data identifiers from all pleadings and other papers filed with the Court in civil actions, including exhibits thereto, whether filed electronically or in paper , unless otherwise ordered by the Court, pursuant to B., below.

> **1. Social Security numbers.** If an individual's social security number must be included in a pleading or other paper, only the last four digits of that number should be used.

> **2. Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

> **3. Dates of birth.** If an individual's date of birth must be included in a pleading or other paper, only the year should be used.

> **4. Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

**B. Filing.**

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal by following the procedures prescribed in Civil L.R. 79-5. This document shall be retained by the Court as part of the record. The party must file a redacted copy for the public file.

**C. Responsibility.**

The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading or other paper for compliance with this general order.

ADOPTED BY THE COURT: May 21, 2002          FOR THE COURT:
AMENDED: April 15, 2003

　　　　　　　　　　　　　　　　　　　　　　  /S/  Marilyn Hall Patel
　　　　　　　　　　　　　　　　　　　　　　Marilyn Hall Patel
　　　　　　　　　　　　　　　　　　　　　　Chief Judge

GENERAL ORDER NO. 40

PROHIBITION OF BIAS

Prologue

The Court is committed to ensuring that all forms of bias and prejudice are eliminated from the practice of law in our district. Accordingly, the Court enacts the following General Order and shall amend its local rules to implement the policy set forth herein. It should be noted that the General Order is intended to govern the conduct of attorneys and litigants since existing law already places a duty of fair treatment on judges and court employees. While the enforcement procedures set forth in paragraphs (2) through (6) apply only to attorneys, paragraph (1) calls upon all participants involved in court business to treat all individuals with respect and courtesy.

Duties and Procedures

(1) The practice of law before the United States District Court for the Northern District of California must be free from prejudice and bias in any form. Treatment free of bias must be accorded all other attorneys, litigants, judicial officers, court-room jurors or support personnel. The duty to exercise nonbiased behavior includes the responsibility to avoid comment or behavior manifesting prejudice or bias toward another. This duty is owed by all attorneys, judges, judicial officers and court personnel in connection with cases pending before the district court.

(2)   The purpose of the facilitation process set forth herein shall be principally to promote understanding and education through voluntary peer review of biased behavior.  To implement the policy set forth in paragraph (1), the Court shall appoint a committee of attorneys practicing in the Northern District to constitute the Advisory Committee on Professional Conduct ("the Committee").  The roster of the Committee shall remain on file with the Clerk of the Court.  It shall be the responsibility of the Committee, serving at the discretion of the Court as an advisory adjunct, to hear complaints of biased behavior and to provide a forum for the voluntary resolution of conflicts of this nature.

(3)   Upon being directly notified of an alleged violation of paragraph (1) or upon referral from the Court, the chair of the Committee shall, after consultation with the complaining party, appoint a member of the Committee or other appropriate, neutral facilitator who shall provide the parties a copy of this rule, and then attempt to facilitate a resolution of the matter.  When deemed necessary in a particular case by the Committee, the chair of the Committee may appoint a facilitator who is not on the roster.  Participation by the parties shall be voluntary, but the Court, by this rule, encourages participation.  All matters that are the subject of facilitation, including the names of the parties, shall remain absolutely confidential.

(4)   Attorneys are encouraged to resolve alleged violations of paragraph (1) informally, without resort to the processes set forth

2

herein.  If attempts at informal resolution fail or would be inap-
propriate, an alleged violation of paragraph (1) may be raised
through:  a) referral to the Committee; or b) formal presentation
to the Court.  When the matter has been presented to the Court, the
Court has discretion to send the matter to the Committee for facil-
itation.  However, nothing in this rule shall affect the Court's
inherent power to use its processes to ensure that the practice of
law before the Court is free from bias.  Where a Judge or Magis-
trate Judge is alleged to have engaged in biased behavior, enforce-
ment of paragraph (1) shall be made with reference to Title 28
U.S.C. §372(c) and to the Rules of the Judicial Council of the
Ninth Circuit Governing Complaints of Judicial Misconduct or
Disability.

(5)  All communications by the parties and witnesses pursuant
to an investigation under this rule shall be deemed confidential.
Unless required by law, the Committee shall not retain written
records of the facilitation processes.  However, the Committee may
collect data on types of alleged violations or underlying anecdotes
that might be useful in educational programs, provided that the
identities of participants shall not be disclosed.

(6)  Notwithstanding the foregoing, any violation of paragraph
(1) committed in the presence of the Court should be addressed
promptly by the Court.  Any violation, whether or not committed in
the presence of the Court (such as misconduct in the presence of
witnesses or jurors), that affects the integrity of the judicial

3

process should be promptly raised with the Court.

ADOPTED:   January 10, 1995

<u>GENERAL ORDER NO. 45</u>

ELECTRONIC CASE FILING

I.    **Rules and Orders.**

A. Authorization. Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d). The following policies shall govern electronic filing in this district.

B. Modification by the court. In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders. Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

II.    **Definitions and Instructions.**

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system. Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site. An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing. The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

III.    **Selection of Cases.**

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

IV.    **Registration, Appearance and Access.**

A.  Obligation to Register.  Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B.  Obligation to Keep Account Information Current.  An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:
        1.) A Notice of Appearance should be filed whenever counsel joins a case.

2

2.) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.

3.) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.

4.) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.

5.) The replacement of one firm by another as counsel for a party also requires an order of the court.

Upon receipt of the preceding notifications, the Clerk of Court will update the record of appearances of counsel.

D. Authorizing Use of User ID and Password by Others. An ECF User may authorize another person to file a document using the User ID and Password of the ECF User, and the ECF User shall retain full responsibility for any document so filed.

E. Access.

1.) Filing: Only an ECF user as defined in Section IV.A may file documents.

2.) Retrieval: Any person may review at the clerk's office all filings, electronic or paper, that have not been sealed by the court. Any person also may access the Electronic Filing System at the court's ECF web site by obtaining a PACER log-in and password. Any person who has PACER access may retrieve online docket sheets in civil and criminal cases which are not sealed, and may retrieve online documents which are not sealed with the following exceptions:

a.) Exceptions in Civil Cases: Any person who has PACER access may retrieve online electronically filed documents in civil cases other than Social Security appeals. Only counsel for a party to the case may retrieve online documents in a Social Security appeal.

b.) Exceptions in Criminal Cases (**Limited Access** filings): Any person who has PACER access may retrieve online electronically filed documents in criminal cases, except that counsel in criminal cases may designate particular filings as "**Limited Access**" if they contain sensitive personal information. Any document, filed in response to a Limited Access filing, that also refers to the personal information shall also be designated as Limited Access. The words **LIMITED ACCESS** shall be prominently displayed on any such documents so designated. Such documents can be retrieved at the clerk's office but may not be retrieved online.

V.     **Filing and Service of Documents.**

A. Initiating Documents. Complaints, indictments and informations, including superseding indictments and informations, and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically. For cases subject to ECF pursuant to Section III. above, all

previously filed documents shall be submitted in electronic form (PDF format only) within ten days. Submission of initiating documents must be made by email rather than by e-filing. A list of email addresses for the submission of PDF documents may be found at the ECF web site. In Bankruptcy appeal and Social Security appeal cases, the record from the court or agency below shall not be submitted electronically, but shall be submitted on paper only. Failure to email PDF copies of initiating documents timely shall be subject to such sanctions as may be imposed by the Court.

B.  Documents Filed on Paper in Cases Designated for ECF.  Whenever a paper filing is made of any document in a case designated for e-filing, the document shall be submitted in electronic form (PDF format only) within ten days via email to the appropriate email address. A list of email addresses for the submission of PDF documents may be found at the ECF web site.

C.  Documents E-Filed in Cases Not Designated for ECF.  Filings in cases not designated for electronic filing should be made on paper only. In the event a document is e-filed in a case not designated for electronic filing, the document must be submitted to the court for the purpose of completing the paper file; the document should not be filed again. The filer of the document should mark the paper copy clearly with "E-filed on [date]. Copy for paper file".

D.  Service and Answer.  Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the  ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint.  The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to Section II.D above, the answer shall be filed electronically.  If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site,  for attachment to docket entries previously made by the Clerk's Office.

## VI.    Electronic Filing.

A.  Generally.  In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF web site, except as provided otherwise in Section VII or authorized otherwise by the court.

B.  Format.  Documents filed electronically must be submitted in the PDF format. Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission

4

and retrieval. Only documents of which the filer possesses only a paper copy may be scanned to convert them to PDF format. (See Section X. for rules governing the filing of documents with signatures not those of the e-filer.)

C. Completion of Filing. Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

D. Deadlines. Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e., received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing shall be completed by that time. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office when assistance is available.

E. Technical Failures. The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document into the ECF system shall be the toll-free number posted on the ECF web site.

F. Docket. The record of filings and entries created by the ECF system for each case shall constitute the docket.

G. Courtesy Copies. In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy" and shall be clearly marked with the judge's name, case number, and "Chambers Copy-Do Not File." The printed copies shall be delivered to the Clerk's Office. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

VII.   Manual Filing.

5

A. Generally. Parties otherwise participating in ECF may be excused from filing a particular component electronically if it is not available in electronic format and it is not feasible for the filer to convert it to electronic format by scanning it. Such component shall not be filed electronically, but instead shall be manually filed with the Clerk of Court and served upon the parties in accordance with the applicable Federal Rules of Civil and Criminal Procedure and the Local Rules for filing and service of non-electronic documents. Parties manually filing a component shall file electronically a Manual Filing notification setting forth the reason(s) why the component cannot be filed electronically. Further information regarding the notification of the manual filing of a document can be found on the ECF web site.

1. Exhibits. Exhibits whose electronic original is not available to the filer and must therefore be scanned to PDF should be filed electronically only when the size of the document does not exceed the limit specified on the ECF web site. Scanning documents often produces files which are too large to be readily usable. Exhibits which are filed on paper because they are too large to scan should be represented in the electronic filing by a Notice of Manual Filing attached in place of the actual document.

B. Exclusions. Some types of documents shall only be filed conventionally and not electronically unless specifically authorized by the court. A list of documents to be filed manually may be found on the ECF web site.

**VIII. Proposed Orders.**

A. Generally. In addition to being filed, proposed orders in cases designated for e-filing shall be lodged with the court by being transmitted by electronic mail to the specific addresses for that purpose which may be found on the ECF web site.

B. Format. Documents transmitted pursuant to this section shall be submitted in an approved format, a list of which can be found on the ECF web site. When a proposed order accompanies a filing, a copy of the proposed order in PDF format should also be attached to its electronically filed document (e.g., stipulations and motions.)

**IX. Service of Electronically Filed Documents.**

A. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

6

B. Parties in Cases Subject to ECF. The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A. above, shall constitute service on the attorney or other persons in a case subject to ECF.

C. Parties Who Have Not Registered as ECF Users.

1. Third Party Defendants. Upon the filing of a third-party complaint in an action which is subject to ECF, the third-party plaintiff(s) shall serve notice upon the third-party defendant that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the third-party complaint. The third-party defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the third-party defendant is a registered ECF User pursuant to Section II.D above, the third-party answer shall be filed electronically. If the third-party defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

2. Others. In an action subject to ECF, when service of a document other than a third-party complaint is required to be made upon a person who is not a registered ECF User, a paper copy of the document shall be served on the person (as otherwise required by the Federal Rules of Civil and Criminal Procedure or the Local Rules), along with a copy of the ECF handout received by the filer at the time of opening the case which contains information necessary for registration. If the person so served is permitted or required to respond to the document, such time to respond shall be computed without regard to ECF. The person shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the person is a registered ECF User pursuant to Section II.D above, the responsive document shall be filed electronically. If the defendant is unable to electronically file the responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the responsive document in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

D. Service of the Court's Orders. Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing. No paper service will be made by the court.

## X.    Signatures.

A document filed with the court electronically shall be deemed to be signed by a person (the "Signatory") when the document identifies the person as a Signatory and the filing complies with either subparagraph A or B.  Any filing in accordance with any of these methods shall bind the Signatory as if the document were physically signed and filed, and shall function as the Signatory's signature, whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules which will constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure  49 and 55.  All signed orders will be filed electronically by the court or court personnel.  Any order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in a conventional manner.

    A. ECF Users.  In the case of a Signatory who is an ECF User, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory.

    B.  Others.  In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories.  The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document.  The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document.  The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).  The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

    C. Criminal Cases.  Any document signed by a criminal defendant shall be scanned in its entirety to insure that an image of the defendant's signature is visible in the filing, notwithstanding the provisions of Section VI.B. Any document with multiple signatories in a criminal case shall be scanned in its entirety.  Certain documents which may be used by other agencies shall be scanned in their entirety to include images of the signatures; a list of such documents will be found on the ECF web site.

## XI.    Record on Appeal.

Until such time as the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit institute rules and procedures to accommodate Electronic Case Filing, notices of appeal to those courts shall be filed, and fees paid, in the traditional manner on paper rather than electronically. All further documents relating to the appeal shall be filed and served in the traditional manner as well. Appellant's counsel shall provide paper copies of the documents that constitute the record on appeal to the District Court Clerk's Office.

**XII.    Access to Rules.**

These policies, as well as operational guidelines and instructions, shall be posted on the ECF web site and may be published in official legal newspapers in this district. Any amendments to ECF procedures shall be similarly published.

ADOPTED:  12/15/98                          FOR THE COURT:
AMENDED: 1/16/01
AMENDED: 2/12/02
AMENDED: 4/8/03
AMENDED: 11/18/04                           /s/ Vaughn R Walker
                                            _____
                                            United States District Chief Judge

9

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____    of (C) _____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____Northern_____ District of _____California_____

and has been assigned docket number (E) _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the
date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.

_____
Signature of Plaintiff's Attorney
Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

◥AO 399  (Rev. 10/95)

<div style="border:1px solid black">Clear Form</div>

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
　　　　　　　(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
　　　　　　　　　　　　　　　　　　　　　(CAPTION OF ACTION)

which is case number _____ in the United States District Court
　　　　　　　　　　　　　(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after _____ ,
　　　　　　　　(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
　　　(DATE)                              (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
　　　　(TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**INSTRUCTIONS FOR COMPLETION OF ADR FORMS
REGARDING SELECTION OF AN ADR PROCESS
(ADR LOCAL RULE 3-5)**

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process. By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL." Please note that this form need not be filed jointly by all parties. Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

                    v.

_____,
                    Defendant(s).
_____/

CASE NO. _____

ADR CERTIFICATION BY PARTIES
AND COUNSEL

 

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

**(1)** Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of California*" on the Court's ADR Internet site www.adr.cand.uscourts.gov  *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

**(2)** Discussed the available dispute resolution options provided by the Court and private entities; and

**(3)** Considered whether this case might benefit from any of the available dispute resolution options.

Dated:_____                          _____
                                                              [Party]

Dated: _____                         _____
                                                              [Counsel]

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

Rev. 12/05

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

_____,

Plaintiff(s),

v.

_____,

Defendant(s).

_____/

CASE NO. _____

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

Counsel report that they have met and conferred regarding ADR and have reached the
following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
☐    Non-binding Arbitration (ADR L.R. 4)
☐    Early Neutral Evaluation (ENE)   (ADR L.R. 5)
☐    Mediation (ADR L.R. 6)

_(Note: Parties who believe that an early settlement conference with a Magistrate Judge is
appreciably more likely to meet their needs than any other form of ADR must participate in an
ADR  phone conference and may not file this form.  They must instead file a Notice of Need for
ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)_

**Private Process:**
☐    Private ADR _(please identify process and provider)_  _____

_____

The parties agree to hold the ADR session by:
☐    the presumptive deadline _(The deadline is 90 days from the date of the order
referring the case to an ADR process unless otherwise ordered. )_

☐    other requested deadline  _____

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event,
e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:
- ☐     Non-binding Arbitration
- ☐     Early Neutral Evaluation (ENE)
- ☐     Mediation
- ☐     Private ADR

Deadline for ADR session
- ☐     90 days from the date of this order.
- ☐     other  _____

IT IS SO ORDERED.

Dated:_____

_____

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,

Plaintiff(s),

v.

_____,

Defendant(s).

_____/

CASE NO. _____

NOTICE OF NEED FOR ADR PHONE
CONFERENCE

Counsel report that they have met and conferred regarding ADR and that they:

☐   have not yet reached an agreement to an ADR process
☐   request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference _____

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|------|--------------------|-----------|----------------|
|      |                    |           |                |
|      |                    |           |                |
|      |                    |           |                |

_Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference._

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."

Rev. 12/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

ORDER OF THE CHIEF JUDGE

---

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney.  Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants  in which at least one party is represented by an attorney will no longer be excluded from the e-filing program.  All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45.  *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only.  As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date:  May 11, 2007

Vaughn R Walker
United States District Chief Judge

**United States District Court**
For the Northern District of California

1   DAVID R. ONGARO, State Bar No. 154698
    DAVID R. BURTT, State Bar No. 201220
2   JONMI N. KOO, State Bar No. 233136
    PERKINS COIE LLP
3   Four Embarcadero Center, Suite 2400
    San Francisco, CA  94111-4131
4   Telephone:  415.344.7000
    Facsimile:  415.344.7050
5
    Attorneys for Defendant
6   STARBUCKS CORPORATION

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SANTA CRUZ

10

11  EMILEE CASS,                          |
                                          |   Case No. CV 157104
12                Plaintiff,              |
                                          |   **PROOF OF SERVICE**
13        v.                              |
                                          |
14  STARBUCKS CORPORATION, a Washington   |
    Corporation, and DOES 1 through 50.   |
15                                        |
                  Defendants.             |
16

17

18                            <u>**PROOF OF SERVICE**</u>

19        I, Michele Covington, declare:

20        I am a citizen of the United States and employed in San Francisco County, California.  I

21  am over the age of eighteen years and not a party to the within-entitled action.  My business

22  address is Four Embarcadero Center, Suite 2400, San Francisco, California  94111-4131.  On

23  July 10, 2007, I served a copy of the within document(s):

24        **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL
                              COURT**
25

26
          ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
27            forth below on this date before 5:00 p.m.

28

PROOF OF SERVICE
Case No. BC 362 211

1

2

☒  by placing the document(s) listed above in a sealed envelope with fully prepaid postage, the U.S. mail at San Francisco, California addressed as set forth below.

3

☐  by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

4

5

6

7

Gerald A. Emanuel                              *Attorney for the Plaintiff*
Amy Carlson
Hinkle, Jachimowicz, Pointer &
Emanuel
2007 West Hedding Street, Suite 100
San Jose, CA 95128

8

9

10

11

12

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 10, 2007, at San Francisco, California.

15

16

17

_____
Michele Covington

18

19

20

21

22

23

24

25

26

27

28

- 2 -

PROOF OF SERVICE
Case No. BC 362 211

[18177-0134/1338?057_1.DOC]