| | |
|---|---|
| 1 | GERALD A. EMANUEL, State Bar No. 61049<br>  gemanuel@hinklelaw.com |
| 2 | AMY CARLSON, State Bar No. 213294<br>  acarlson@hinklelaw.com |
| 3 | HINKLE, JACHIMOWICZ, POINTER & EMANUEL<br>2007 West Hedding Street, Suite 100 |
| 4 | San Jose, CA  95128<br>Telephone:  (408) 246-5500 |
| 5 | Facsimile:  (408) 246-1051 |
| 6 | Attorneys for Plaintiff<br>EMILEE CASS |
| 7 | |
| 8 | DAVID R. ONGARO, State Bar No. 154698<br>  dongaro@perkinscoie.com |
| 9 | DAVID R. BURTT, State Bar No. 201220<br>  dburtt@perkinscoie.com |
| 10 | JONMI N. KOO, State Bar No. 233136<br>  jkoo@perkinscoie.com |
| 11 | PERKINS COIE LLP<br>Four Embarcadero Center, Suite 2400 |
| 12 | San Francisco, CA  94111-4131<br>Telephone:  (415) 344-7000 |
| 13 | Facsimile:  (415) 344-7050 |
| 14 | Attorneys for Defendant<br>STARBUCKS CORPORATION |
| 15 | |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EMILEE CASS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STARBUCKS CORPORATION, a Washington corporation, and DOES 1 to 50, inclusive,<br><br>　　　　　Defendants. | Case No.  C07 03549 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED CASE MANAGEMENT ORDER**<br><br>Date:　　October 15, 2007<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 8<br>Before:　Hon. James Ware |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties to the above-entitled action held a telephonic meeting on September 26, 2007.  The meeting was attended by: (1) Amy

---

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
Case No. C07 03549 JW

Carlson of Hinkle, Jachimowicz, Pointer & Emanuel for plaintiff Emilee Cass ("Plaintiff"), and (2) Jonmi N. Koo of Perkins Coie LLP for defendant Starbucks Corporation ("Starbucks"). The parties jointly submit this Case Management Statement and Discovery Plan, and request that the Court adopt it as its Case Management Order in this case.

A. **Jurisdiction and Service**

The above-entitled action was originally filed in the Superior Court of California, County of Santa Cruz. Starbucks is the only named defendant in this case. Because the parties are citizens of different states and it is more likely than not that the matter in controversy for the individual claims exceeds the sum of $75,000, Starbucks removed this case to federal court on July 9, 2007 after having filed its answer and general denial in state court. Neither Starbucks nor Plaintiff is aware of any related case, and Starbucks filed its declination to proceed before a magistrate judge on July 31, 2007.

B. **Description of the Case**

1. **The Parties and Events Underlying This Action:**

On June 19, 2006, Starbucks hired Plaintiff as a retail management trainee. Around July 2006, and following Plaintiff's training, Starbucks assigned her to work as an assistant store manager in one of its stores. Plaintiff alleges that Starbucks hired her knowing that she was pregnant, but that Starbucks discriminated against her as her pregnancy progressed and it became increasingly difficult for her to move as quickly as her non-pregnant co-workers. Specifically, Plaintiff alleges that her store manager, Kathy Vucinich, refused to properly train her because she was pregnant, and that Vucinich blamed Plaintiff for making mistakes when her duties were not completed in a satisfactory manner. Plaintiff also alleges that Starbucks discriminated against her by giving her a Performance Action Plan which Plaintiff could not have possibly fulfilled because of her due date. Plaintiff further alleges that one of the task failures identified in her Performance Action Plan did not occur during Plaintiff's shift. Moreover, Plaintiff alleges that she submitted a doctor's note to Starbucks and requested accommodations from her supervisors. However, instead of providing any accommodation, Starbucks terminated her on October 28, 2006.

Based on the foregoing, Plaintiff alleges four causes of action: (1) Pregnancy Discrimination, (2) Gender Discrimination, (3) Disability Discrimination, and (4) Failure to Engage the Interactive Process to Determine Effective Reasonable Accommodations.

Starbucks, a Washington Corporation that operates coffee stores throughout California, denies each and every allegation. Plaintiff's employment, like the employment of all Starbucks partners, was at-will. Starbucks denies that it, or any of its managers, discriminated against Plaintiff or failed to engage in an interactive process as required by California law to determine any reasonable accommodations for Plaintiff. Moreover, Starbucks terminated Plaintiff because of a legitimate nondiscriminatory reason – her poor performance record and failure to meet performance expectations – and not out of any discriminatory motive.

**2.     The Principal Factual and Legal Issues Which the Parties Dispute:**

The parties dispute several factual and legal issues, including: (1) Plaintiff's performance history with Starbucks; (2) whether Starbucks committed the acts alleged by Plaintiff; (3) if so, whether Starbucks so acted because of Plaintiff's pregnancy status, disability, or gender; (4) whether Plaintiff's pregnancy status qualifies as disability under FEHA, (5) whether Starbucks terminated Plaintiff because of her protected characteristics; (6) whether Starbucks failed to engage in an interactive process to reasonably accommodate Plaintiff; and (7) what damages, if any, Plaintiff suffered.

**3.     Relief Sought by Plaintiff and Basis For Its Calculation:**

Plaintiff will calculate her economic damages as the difference between her Starbucks wages and benefits (including stock options and pension, if any) and subsequent employment, plus emotional distress.

**C.     Amendment of Pleadings**

Neither Plaintiff nor Starbucks currently have any plans to amend their pleadings.

**D.     Pre-Discovery Disclosures**

The parties will exchange their Initial Disclosures by October 9, 2007, including all information required by Federal Rule of Civil Procedure 26(a)(1), except as relates to experts.

**E.     Discovery Plan**

To date, the parties have not taken any discovery. They, however, jointly propose the following discovery plan to the Court:

**1.     Scope of Discovery**

Discovery will be needed on the following subjects:

   a.   The circumstances surrounding plaintiff's hiring in June 2006;

   b.   Plaintiff's performance record at Starbucks;

   c.   Whether Plaintiff's pregnancy constitutes a "disability" under FEHA;

   d.   Whether Starbucks discriminated against and/or terminated Plaintiff because of her pregnancy;

   e.   Whether Starbucks discriminated against and/or terminated Plaintiff because of her gender;

   f.   Whether Starbucks discriminated against and/or terminated Plaintiff because of her alleged disability;

   g.   Whether the Starbucks manager had legitimate reasons for issuing a Performance Action Plan;

   h.   Whether Starbucks failed to engage in the interactive process to reasonably accommodate Plaintiff; and

   i.   The extent of damage suffered by Plaintiff as a result of Starbucks alleged wrongdoing.

**2.     Discovery Deadline**

The parties agree that all discovery shall be commenced in time to be completed by August, 2008.

**3.     Discovery Limitations**

The parties will adhere to the follow limitations:

   a.   There shall be a maximum of 30 requests for admission by each party to any other party (including all parts and sub-parts) with responses due 30 days after

1  service.

2        b. There shall be a maximum of 50 requests for production of

3  documents and things by each party to any other party with verified responses due 30 days after

4  service.

5        c. There shall be a maximum of 35 special interrogatories by each

6  party to any other party with response due 30 days after service.

7        d. There shall be a maximum of 10 fact witness depositions by either

8  party.

**4. Expert Disclosures**

The parties agree that expert disclosures pursuant to F.R.C.P. 26(a)(2) shall commence on June 20, 2008, and that expert discovery shall be completed by September 15, 2008.

**5. Other Items Relating to Discovery and Settlement/ADR:**

      a. The parties will meet and confer and submit a stipulated protective order to govern the production and treatment of confidential information in this action.

      b. The parties do not request a conference with the Court before entry of the scheduling order.

      c. The parties shall be allowed until the completion of discovery to join additional parties and to amend the pleadings.

      d. Settlement cannot be evaluated prior to May 2008, and may be enhanced by use of the following alternative dispute resolution: private mediation.

      e. Dispositive motions shall be heard no later than August 11, 2008.

      f. The parties request a pretrial conference in late September 2008 where motions in limine, jury instructions, voir dire, statement of stipulated facts, and pretrial brief will be scheduled.

      g. The parties shall file their final lists of witnesses and exhibits under F.R.C.P. 26(a)(3) by September 15, 2008.

      h. Parties should have 20 days after service of final lists of witnesses and exhibits to list objections under F.R.C.P. 26(a)(3).

          i.    The case should be ready for trial by October 2008, and at this time is expected to take approximately 4-5 court days. Plaintiff demanded a jury trial on all of the issues.

**F.    EVIDENCE PRESERVATION**

Both parties understand that it is their obligation to preserve all potential evidence in this case. This obligation includes suspending any document-destruction program, ongoing erasures of emails, voice mails, and other electronically-recorded material reasonably relating to this action.

**G.    MOTIONS/NARROWING OF ISSUES**

Other than Starbucks Notice of Removal, neither party has filed any motions in this case. However, Starbucks intends to file a Motion for Summary Judgment or, in the alternative, Summary Adjudication to eliminate and/or narrow the issues in this case at the close of fact discovery.

**H.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16, Starbucks filed its Certification of Interested Entities or Persons on July 9, 2007, with nothing to report. Each party hereby, separately and for itself/herself and nobody else, certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: October 8, 2007    **HINKLE, JACHIMOWICZ, POINTER & EMANUEL**

By:         /s/        
    Amy Carlson

Attorneys for Plaintiff
EMILEE CASS

DATED: October 8, 2007    **PERKINS COIE LLP**

By:         /s/        
    Jonmi N. Koo

Attorneys for Defendant
STARBUCKS CORPORATION

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Jonmi N. Koo, attest that I obtained the concurrence of Amy Carlson, in filing this document.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 8th day of October, 2007, at San Francisco, California.

                                                          /s/  
                                              Jonmi N. Koo

- 8 -

1 **CASE MANAGEMENT ORDER**

2   The Case Management Statement and Proposed Order is hereby adopted by the Court as

3 the Case Management Order for the case and the parties are ordered to comply with this Order.

4

5   Dated: _____            _____
                                        UNITED STATES DISTRICT JUDGE
6                                       The Honorable James Ware

11   18177-0185/LEGAL13589792.1