1 | Gerald A. Emanuel (SBN 61049)
2 | Amy Carlson (SBN 213294)
  | HINKLE, JACHIMOWICZ, POINTER & EMANUEL
  | 2007 West Hedding Street, Suite 100
3 | San Jose, California 95128
  | Telephone: (408) 246-5500
  | Facsimile: (408) 246-1051
4 |
5 | Attorneys for Plaintiff
  | EMILEE CASS

*IT IS SO ORDERED AS MODIFIED*
*[signature] Judge James Ware*
*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| EMILEE CASS, | ) No. C-07-03549 JW |
| Plaintiff, | ) |
| vs. | ) [PROPOSED] ORDER GRANTING |
| STARBUCKS CORPORATION a | ) HJP&E'S MOTION TO WITHDRAW |
| Washington corporation, and DOES 1 | ) AS COUNSEL FOR PLAINTIFF |
| to 50, | ) EMILEE CASS |
| Defendants. | ) |
|  | ) (Civil L.R. 11-5) |
|  | ) |
|  | ) Date:  5/5/08 |
|  | ) Time:  9:00 a.m. |
|  | Courtroom: |
|  | Judge James Ware |

1

1  Before the Court is Hinkle, Jachimowicz, Pointer & Emanuel's ("HJP&E") Motion to Withdraw as Attorney of Record for Plaintiff Emilee Cass. (hereafter,"Motion,"Docket Item No. 14.)  The motion was filed on March 19, 2008.  To date, no opposition has been filed.  The Court finds the motion appropriate for submission without oral argument.  See Civ. L. R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS Amy Carlson and Gerald A. Emanuel of HJP&E to Withdraw as Counsel of Record.

In a civil case, counsel may not withdraw from an action until relieved by order of the Court.  See Civ. L. R. 11-5.  Rule 3-700(C) of the California Rules of Professional Conduct provides that a lawyer may withdraw from representing a client where, among other things, (1) the client breaches an agreement with or obligation to the lawyer as to expenses or fees, or (2) other conduct renders it unreasonably difficult for the lawyer to carry out the employment effectively.  Rule 3-700(C)(1)(d), (f).

In this case, Ms. Carlson declares as follows:  "[Plaintiff] Cass has not been in contact with me in several months.  Her phone numbers are no longer in service and mail to her last known address either by certified mail or regular mail are returned as undeliverable. . . . I have hired an investigator to locate Cass and he has not had any luck finding her." (Declaration of Amy Carlson.)  Based on Ms. Carlson's declaration, and given Plaintiff's failure to communicate with counsel and failure to oppose the present motion, the Court finds good cause to GRANTS HJP&E's motion to withdraw as counsel.

The Court stays all currently scheduled filing deadlines in the case for thirty (30) days to give Plaintiff sufficient time to find substitute counsel.  HJP&E shall remain as counsel of record for thirty (30) days for the purposes of receiving and providing legal documents until there is identification of substitute counsel.  On or before **May 22, 2008**, Plaintiff shall file a Notice of Intent to Self- Represent or Notice of Identification of Substitute Counsel.  The Court sets a Case Management Conference for **June 16, 2008 at 10 a.m.** to discuss the posture of the case due to HJP&E's withdrawal.  The parties shall file a Joint Case Management Statement on or before **June 6, 2008.**

HJP&E shall send a copy of this Order to Plaintiff and file the necessary certificate of service.  In light of this Order, the Court VACATES the hearing currently set for May 5, 2008.

Dated:  April 22, 2008

JAMES WARE
United States District Judge